# State Farm Mutual Automobile Insurance Company

## v.

## Paul Jones

Record No. 880383

September 22, 1989

Present: All the Justices

*James W. Morris, III (John M. Claytor; Stanley P. Wellman; Browder, Russell, Morris & Butcher, P.C.,* on brief), for appellant.

No brief or argument for appellee.

Justice Lacy delivered the opinion of the Court.

The sole issue presented in this appeal is whether, at the time of the accident, an insured was operating a vehicle furnished for his "regular use" within the meaning of his personal automobile insurance policy.

Paul Jones was a route salesman for Southern Vending Company in Richmond. Southern Vending furnished Jones a 1978 Ford van which he used daily in his job. Jones was allowed to use the van for personal purposes if he obtained special permission. On April 30, 1984, Jones suffered injuries in an automobile accident while making deliveries in the Southern Vending van. Jones initially sought coverage under Southern Vending's insurance policy, but his employer's insurance coverage was insufficient to pay Jones' medical expenses which were more than $15,000 in excess of that coverage.

Jones then sought payment under his personal automobile insurance policy issued by State Farm. The medical payment coverage in the insurance policy was available to the insured if he was injured while occupying a "non-owned automobile." The policy defined a non-owned automobile as "an automobile or trailer *not* owned by or *furnished for the regular use* of either the named insured or any relative, other than a temporary substitute automobile." (Emphasis added.) State Farm maintained that the van Jones was operating at the time of the accident did not qualify for coverage under Jones' policy because the van was furnished to Jones for his regular use. Accordingly, State Farm denied Jones' claim for medical payments.

On April 28, 1987, Jones filed a motion for judgment against State Farm, seeking $15,000 for breach of contract.[1] Both State Farm and Jones filed motions for summary judgment on stipulated facts. Citing *State Farm Mut. Auto. v. Smith*, 206 Va. 280, 142 S.E.2d 562 (1965), the trial court determined that the van was furnished to Jones to be used for the purposes of his employer, Southern Vending, not for his personal use. Therefore, the van was not "furnished for the regular use" of the insured and Jones qualified for coverage under the policy. The trial court entered summary judgment for Jones and State Farm appealed.

Like the present case, *State Farm Mut. Auto. v. Smith* involved determining whether a vehicle had been furnished to an insured for her "regular use." In *Smith*, the insured, a California resident, was visiting her sister in Norfolk. Because the insured's sister could not drive, her sister's husband, who was away a great deal, had given the insured permission to drive the family's automobile when he was away. While driving her sister to a friend's home, the insured was injured in an accident.

The insured in *Smith* had driven the car no more than ten times in an eight-week period. Furthermore, in holding that the insured did not have regular use of the automobile, we emphasized that she exercised no dominion or control over the car and never operated it for any purpose without first obtaining permission. We found that the automobile was furnished primarily for the owners' rather than the insured's purposes and, therefore, could not qualify as an automobile furnished for the regular use of the insured. Such sporadic, controlled use could not qualify as regular use under any circumstances.

An insurance company bases its policy and premium on its evaluation of the frequency and opportunity for a risk to produce a loss. Driving a car is the risk covered in a personal automobile policy. The risk will obviously grow with an increase in driving frequency, regardless of the purpose of the trips. In *Smith*, the insured did not use the family automobile with any frequency or on any regular basis. The infrequent use of the car by the insured was reflective of the purpose for the insured's driving at all — to help her sister and brother-in-law. Personal automobile insurance policies and premiums are designed to include coverage of an in-

---

[1] Jones' personal insurance policy with State Farm insured three vehicles. Each vehicle had a medical payment limit of $5,000 per person per accident.

sured while driving non-owned vehicles in precisely the *Smith* type of situation.

The factual context of *Smith* is substantially different from the daily use and control of the Southern Vending van enjoyed by Jones in this case. While Jones was required to obtain special permission to use the vehicle for personal purposes, he operated the van every working day over a two to three year period. He drove over 300 miles a week and had control of the van an average of six days and seventy hours each week.

The instant case presents frequent, daily, and extensive use, dominion, and control of the van by Jones. Here, the purpose of furnishing the van to Jones was precisely that it be used regularly by him. As we stated in *Quesenberry* v. *Nichols and Erie Ins. Exch.*, 208 Va. 667, 672, 159 S.E.2d 636, 640 (1968), a case decided subsequent to *Smith*:

> The general purpose and effect of such a policy is to protect the insured against liability arising from the use of his automobile, and in addition, from the infrequent or casual use of automobiles other than the one described in the policy. Usually excluded is protection against liability with respect to the insured's frequent use of another automobile.

The decision in *Smith* is consistent with the purpose of "regular use" exclusionary clauses as set out in *Quesenberry* above. To the extent *Smith* implies that a vehicle must be furnished primarily for "personal" use, regardless of frequency of use, to qualify as "regular use," it is inconsistent with *Quesenberry*, and is overruled. Accordingly, we find that the Southern Vending van was furnished to Jones for his regular use and, therefore, does not qualify as a "non-owned vehicle." We will reverse the judgment of the trial court and enter judgment for State Farm.

*Reversed and final judgment.*