STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

V.

ERMA W. MAJOR, GUARDIAN, ETC.

Record No. 890541

March 2, 1990

Present: All the Justices

*John M. Claytor (Stanley P. Wellman; Browder, Russell, Morris and Butcher*, on briefs), for appellant.

*Edward L. Allen (Allen, Allen, Allen & Allen*, on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this appeal by an insurance company, we decide whether there is a conflict between a limitation contained in the medical payment provision of its automobile liability insurance policy and Code § 38.2-124(B)(1).

On April 22, 1987, Elmore L. Major suffered incapacitating injuries while driving his employer's delivery truck which collided with a tractor-trailer in Hanover County. At that time, Major was a named insured in an automobile liability policy issued by State Farm Mutual Automobile Insurance Company (State Farm) which insured two cars owned by him. In pertinent part, the policy provided medical payment coverage in this situation if Major's injury was caused by an accident "*while not occupying a motor vehicle*, through being struck by an automobile or trailer of any type." (Emphasis added.)

Erma W. Major, who was appointed as Major's guardian, filed this action to recover Major's medical expenses. In part, State Farm contended that the policy did not provide medical payment coverage since Major was occupying a motor vehicle at the time of his injury.[1] The guardian argued, and the trial court agreed, that because of the provisions of Code § 38.2-318(A),[2] State

---

[1] State Farm also claimed that there was no coverage because the delivery truck was furnished for Major's regular use and, therefore, was not a "non-owned" motor vehicle within the coverage of the policy. Although the trial court found that the delivery truck was not furnished for Major's regular use, his guardian concedes that this finding was erroneous because of our recent decision in *State Farm Mutual Automobile Ins. Co.* v. *Jones*, 238 Va. 467, 383 S.E.2d 734 (1989). *Jones* was decided after the trial court's ruling in this case.

[2] Code § 38.2-318(A) provides that "[a]ny insurance policy or form containing any condition or provision that is not in compliance with this title shall be valid, but shall be

Farm's medical payment limitation was superseded by Code § 38.2-124(B)(1) because the two were inconsistent.

Prior to its amendment in 1986, Code § 38.1-21(2), provided in pertinent part:

Any policy of motor vehicle [liability] . . . insurance . . . may include appropriate provisions whereby the insuring company assumes the obligation of payment of medical . . . expenses arising out of the . . . injury of any person, and any *such* policy of motor vehicle insurance may include appropriate provisions whereby the insuring company assumes the obligation of payment of weekly indemnity or other specific benefits to persons who are injured . . . if such injury . . . is caused by accident and sustained *while in* or upon, entering or alighting from, or through being struck by *a motor vehicle*, provided that such obligations are irrespective of any legal liability of the insured or any other person.

Acts 1956, c. 678 (emphasis added).

█ In 1986, Title 38.1 was repealed, and Title 38.2 was enacted "so as to revise, rearrange, amend and recodify the insurance laws of Virginia generally." Acts 1986, c. 562. Code § 38.2-124(B)(1) replaced the last paragraph of Code § 38.2-21(2). As pertinent, Code § 38.2-124(B)(1) provides:

Any policy of 'motor vehicle insurance' . . . may include appropriate provisions obligating the insurer to pay medical . . . expenses arising out of the . . . injury of any person. Any policy of motor vehicle insurance may include appropriate provisions obligating the insurer to pay weekly indemnity or other specific benefits to persons who are injured . . . if the injury . . . is caused by accident and sustained while in or upon, entering or alighting from, or through being struck by a motor vehicle. These provisions shall obligate the insurer to make payment regardless of any legal liability of the insured or any other person.

The guardian argues that because Code § 38.2-124(B)(1) is simply a recodification of the last paragraph of Code § 38.1-21,

construed and applied in accordance with the conditions and provisions required by this title."

without effecting any change in its meaning, this case is controlled by our decisions in *State Farm Mutual Auto. Ins.* v. *Seay*, 236 Va. 275, 373 S.E.2d 910 (1988), and *Virginia Farm Bureau* v. *Jerrell*, 236 Va. 261, 373 S.E.2d 913 (1988). Both cases considered a similar issue; however, they involved a construction of the last paragraph of now repealed Code § 38.1-21, not Code § 38.2-124(B)(1). Because of the change in language in the recodified provision, we must decide whether it effects a substantive change in the law.

■ Noting that there are no revisors' notes to Code § 38.2-124, the guardian cites *Good* v. *Board of Supervisors*, 140 Va. 399, 125 S.E. 321 (1924), which held that "mere changes in the phraseology of an act carried into a general revision of the statutes" does not alter the meaning of the provision, absent a revisors' note indicating a material alteration. *Id.* at 403, 125 S.E. at 322. *Good*, however, involved the construction of a statute modified by the general revision of the Code in 1919. The statute authorizing the revision's publication and distribution, Acts 1918, c. 108, explicitly directed the revisors to "publish such notes to each section . . ., as they may deem useful in explanation of the changes made in the law in such revision and codification." In addition, the revisors noted in the preface to the Code of 1919 that they "endeavored to point out the material changes made by the revision . . . ." 1919 Code at xi.

In contrast, there is no such directive in Code § 9-77.11, the current statute providing for the code's periodic revision and recodification. Nor is there any similar notation concerning material changes by the revisors of Titles 38.1 and 38.2. Accordingly, we attach no significance to the lack of a revisors' note to Code § 38.2-124.

■ We compare these two statutes in light of the presumption that revised or recodified statutes are not substantively changed unless a contrary intent plainly appears in the revised statute. *Chapman* v. *Richardson*, 123 Va. 388, 391, 96 S.E. 776, 777 (1918).

Code § 38.2-124(B)(1) divided into three sentences what had been the only sentence in the last paragraph of Code § 38.1-21. The legislature deleted the word "such" in the second sentence, indicating that the ideas expressed in the first two sentences are now independent of each other.

The first sentence deals specifically with medical payment coverage, the second sentence with weekly indemnity and other specific benefits. Each sentence specifies that the policy may include "appropriate provisions" for the specific coverages described.

■ These statutory changes plainly indicate a legislative intent to alter the substantive meaning of the recodified provision.[3] We conclude that the statutory clause mandating coverage for injuries sustained "through being struck by a motor vehicle" applies only with respect to weekly indemnity or other specific benefits, because that clause only appears in the now wholly independent second sentence of the recodified provision. Therefore, the policy's medical payment limitation does not conflict with the statute and the trial court erred in so holding.

Accordingly, we will reverse the judgment of the trial court, and enter final judgment in favor of State Farm.

*Reversed and final judgment.*

---

[3] *Seay* and *Jerrell*, construing the earlier code section, were decided *after* the 1986 amendment. Thus, at the time of the recodification of Title 38.1, the General Assembly was unaware of our later decisions interpreting the earlier statute. Its recodification could have merely been designed to reflect more clearly the General Assembly's understanding of the original meaning of that section, at a time when it was unaware of our interpretation.