## CIRCUIT COURT OF FAIRFAX COUNTY

Sandra J. Hetrick

v.

Government Employees Ins. Co.

May 9, 1991

Case No. (Law) 97659

By JUDGE THOMAS S. KENNY

This cause is before the Court upon the parties' cross motions for summary judgment. The sole issue for determination is whether the plaintiff's occupational use of a police cruiser vitiates the defendant's obligation to make medical payments specified in an insurance policy by virtue of a further clause relating to the regular use of a non-owned vehicle.

As is appropriate to a motion for summary judgment, the facts are not in dispute. The plaintiff, Hetrick, is employed by the Fairfax County Police Department as a uniformed police officer and has been so for approximately four years. Officer Hetrick works four days a week for about ten hours per shift, and on three of those days, she is assigned a police vehicle to patrol a predesignated area.[1] On January 21, 1990, while in the course of conducting her vehicular patrol activities, Officer Hetrick was involved in an auto accident in which she sustained injuries requiring medical attention. Subsequently, the plaintiff

---

[1] At oral argument, the parties agreed that the fact that the assigned vehicle is not always the same one, but is instead one of a fleet of police cruisers, is not relevant to the issue at hand.

contacted her insurer, GEICO, who is the defendant in this action, to report the accident and obtain the benefits described under the medical payments portion of the policy. GEICO denied coverage based on its belief that the plaintiff was operating a non-owned vehicle "furnished for her regular use" which excludes coverage for medical payments.[2] The parties agree that the definitive inquiry is whether Officer Hetrick "regularly uses" the concededly non-owned police cruiser.

The case law in Virginia on the issue of "regular use" is rather limited. In *State Farm Mutual v. Smith*, 206 Va. 280 (1965), the Supreme Court of Virginia found that the policy provision which excluded coverage under a "non-owned regular use" situation would not bar recovery where the driver only used the vehicle in a limited manner, never retained the keys, and obtained permission prior to each use. On the other end of the spectrum is the Court's decision in *State Farm Mutual v. Jones*, 238 Va. 467 (1989), where the insured operated his employer's vehicle on a daily basis, logging some 300 miles per week and having actual control over the vehicle on an average of six days and seventy hours each week. In that case, the Court found that the insured was not covered because the van was furnished for his regular use. The facts of the present case fall somewhere along this judicially-created continuum.

Counsel for the plaintiff has urged this court to look simply at the number of hours in which Officer Hetrick has control over the vehicle, but this is not the formula for evaluation established by the Court. In *Smith*, the Court noted that "'regular use' reasonably suggests a

[2] The purpose of exclusionary clauses, such as that presently under consideration is explained in several of the Virginia Court's decisions. In State Farm Mutual v. Jones, 238 Va. 467, 469 (1989), it was noted that in establishing a premium for personal coverage, the insurance company must look to the frequency and opportunity for a risk to produce a loss. The lack of coverage afforded a policy holder who operates a non-owned vehicle furnished for her regular use is directly related to the inherent risk of loss where an individual engages in frequent driving of the same. In GEICO v. Berger, 4 Va. Cir. 470 (1978), Judge Russell of the Arlington County Circuit Court noted that exclusionary language denying coverage for "regular use" is to protect the insured from unanticipated risk, thus allowing premiums to remain affordable for all vehicle owners.

principal use as distinguished from a casual or incidental use." *Id.* at 288. In *Quesenberry v. Nichols and Erie*, 208 Va. 667 (1968), the Court explained that the contemplated use need not be solely personal to fall under the policy exclusion. The classification of the character of use was specifically abandoned in *Jones*, where the Court instead urged that it is control (for whatever purpose) that is determinative of "regular use." *Jones* at 470.

In 1980, the Georgia Court of Appeals was confronted with a nearly identical set of facts. A police officer who conducted patrol duties by using one of a fleet of police cruisers was involved in an accident, and coverage was sought under the medical payments portion of his personal policy by an individual injured in the accident. The evidence was that the officer's patrol activities constituted about 80% of his employment time. In *Mattox v. Colton States Mutual Insurance Co.*, 156 Ga. App. 655, 275 S.E.2d 667 (1980), the Court denied coverage by finding that the police cruiser had been furnished for the regular use of the insured. While the Georgia Court's opinion is merely persuasive authority, the basis for decision is in accord with our law and analysis regarding such policies.

It cannot be said that Officer Hetrick's patrol duties are either casual or incidental; approximately 75% of her working hours are devoted to operation of a police cruiser, and this is an integral and predictable part of her employment with Fairfax County. As explained above, the fact that she rarely uses the vehicle for personal tasks is irrelevant to the inquiry. On each occasion that she operates the vehicle, it is under her exclusive dominion and control, despite the fact that the geographic scope of her travel is limited by her employer.

It is for these reasons that I find that the plaintiff was operating a non-owned vehicle furnished for her regular use at the time of the accident and is therefore barred from recovery under the policy. The defendant's motion for summary judgment is granted.