James O. Wells

v.

Travelers Ins. Co.

February 7, 1992

Case No. LT-4086–4

BY JUDGE RANDALL G. JOHNSON

This case is before the court on the parties' cross-motions for summary judgment. At issue is whether the Supreme Court's holding in *State Farm Mutual Automobile Insurance Company v. Major*, 239 Va. 375, 389 S.E.2d 307 (1990), has been abrogated by the 1991 amendments to Va. Code § 38.2–124(B). All of the material facts have been stipulated to by the parties, and summary judgment is appropriate.

In September, 1991, plaintiff was injured when the motorcycle he was operating was involved in a collision with another motor vehicle. At the time of the collision, plaintiff was a named insured under a policy issued by defendant, The Travelers Insurance Company. That policy provided medical payment coverage pursuant to Va. Code Section 38.2–124(B) in the sum of $5,000.00 per person for each of three motor vehicles listed on and insured under the policy. The relevant language of the policy relating to medical payment coverage is as follows:

> [The company agrees to] pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, chiropractic, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing, and funeral services:
>
> Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, in-

cluding death resulting therefrom, hereinafter called "bodily injury," caused by accident:

 (a) while occupying the owned automobile,

 (b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or

 (c) while not occupying a motor vehicle, through being struck by an automobile or trailer of any type.

Plaintiff owned the motorcycle he was operating at the time of his accident. The motorcycle was not, however, listed as an "owned" automobile on the insurance policy. Based upon the definitions contained in the policy, the parties have stipulated that while the term "automobile" as used in the policy includes motorcycles generally, the motorcycle operated by plaintiff at the time of his injury was neither an "owned" vehicle nor a "non-owned" vehicle under the policy. Thus, if plaintiff is limited to the coverage specifically stated above, he cannot recover since (a) he was not occupying an owned vehicle; (b) he was not occupying a non-owned vehicle; and (c) he was not "not occupying a motor vehicle." Accordingly, if coverage exists, it exists by virtue of Va. Code § 38.2–124(B).

Section 38.2–124(B) provides:

Any policy of "motor vehicle insurance" covering legal liability of the insured under subdivision 2 of subsection A and covering liability arising under subsection A of § 38.2–2206 may include appropriate provisions obligating the insurer to pay medical expense and loss of income benefits arising out of the death or injury of any person, *as set forth in subsection A of Section 38.2–2201*. Any such policy of motor vehicle insurance may include appropriate provisions obligating the insurer to pay weekly indemnity or other specific benefits to persons who are injured and specific death benefits to dependents, beneficiaries or personal representatives of persons who are killed, if the injury or death is caused by accident and sustained while in or upon, entering or alighting from, or through being struck by a motor vehicle while not occupying a motor vehicle. These provisions shall obligate the insurer to

make payment regardless of any legal liability of the insured or any other person. (Emphasis added.)

Section 38.2–2201(A), which was also amended in 1991, provides:

Section 38.2–2201. *Provisions for payment of medical expense and loss of income benefits.* — A. Upon request of an insured, each insurer licensed in this Commonwealth issuing or delivering any policy or contract of bodily injury or property damage liability insurance covering liability arising from the ownership, maintenance or use of any motor vehicle shall provide on payment of the premium, as a minimum coverage (i) to persons occupying the insured motor vehicle; and (ii) to the named insured and, while resident of the named insured's household, the spouse and relatives of the named insured while in or upon, entering or alighting from or through being struck by a motor vehicle while not occupying a motor vehicle, the following health care and disability benefits for each accident:

1. All reasonable and necessary expenses for medical, chiropractic, hospital, dental, surgical, ambulance, prosthetic and rehabilitation services, and funeral expenses, resulting from the accident and incurred within three years after the date of the accident, up to $2,000 per person; however, if the insured does not elect to purchase such limit, the insurer and insured may agree to any other limit; and

2. If the person is usually engaged in a remunerative occupation, an amount equal to the loss of income incurred after the date of the accident resulting from injuries received in the accident up to $100 per week during the period from the first workday lost as a result of the accident up to the date the person is able to return to his usual occupation. However, the period shall not extend beyond one year from the date of the accident.[1]

---

[1] The provisions of Section 38.2–2201(A) are mandatory; that is, an insurer MUST provide the coverage set forth in that section when requested to do so

It is plaintiff's position that the phrase at the end of the first sentence of § 38.2–124(B) — "as set forth in subsection A of § 38.2–2201" — requires Travelers to cover the accident in which he was involved. Specifically, plaintiff claims that that phrase incorporates Section 38.2–2201(A)'s statement of injuries which must be covered, to wit: all injuries incurred "while in or upon, entering or alighting from or through being struck by a motor vehicle while not occupying a motor vehicle." Since plaintiff was injured while upon *a* motor vehicle, even though such vehicle was not technically an "owned" or "non-owned" vehicle, incorporation of § 38.2–2201(A)'s statement of covered injuries would mean that plaintiff's injuries are covered here. On the other hand, Travelers argues that the subject phrase of § 38.2–124(B) refers not to § 38.2–2201(A)'s statement of covered injuries, but only to the types of medical expenses and loss of income benefits which must be provided. In making this argument, Travelers points out that prior to the 1991 amendments, § 38.1–124(B) provided as follows:

> B. 1. Any policy of "motor vehicle insurance" covering legal liability of the insured under subdivision 2 of subsection A and covering liability arising under subsection A of Section 38.2–2206 may include appropriate provisions obligating the insurer to pay medical, chiropractic, hospital, surgical, and funeral expenses arising out of the death or injury of any person. Any policy of motor vehicle insurance may include appropriate provisions obligating the insurer to pay weekly indemnity or other specific benefits to persons who are injured and specific death benefits to dependents, beneficiaries or personal representatives of persons who are killed, if the injury or death is caused by accident and sustained while in or upon, entering or alighting from or through being struck by a motor vehicle. These provisions shall obligate the insurer to make payment re-

by the insured. By contrast, the provisions of Section 38.2–124(B) apply only if the insured and insurer mutually agree that such coverage will be provided. The parties have stipulated that whatever coverage is applicable here is coverage under Section 38.2–124(B), not Section 38.2–2201(A). As will be discussed later, however, once an insurer agrees to provide Section 38.2–124(B) coverage, such coverage must comply with the terms of that section. See infra.

gardless of any legal liability of the insured or any other person.[2]

Travelers then argues that "in order to determine the intent and effect of the 1991 amendments and thus whether the policy language conflicts with the statute, it is necessary to review the history of the relevant statutes." Travelers' Memorandum in Support of Its Motion for Summary Judgment, at 4. After reviewing such history, Travelers concludes that the phrase "as set forth in subsection A of § 38.2–2201" was added to § 38.1–124(B) only to avoid again setting out the types of medical expenses, as well as loss of income benefits, that are required by statute to be provided. "In other words, the substitution of the general statement 'expense and loss of income benefits' for the ever-growing list of chiropractic, hospital, etc., expenses was merely an effort to avoid repetition of the bulky itemization." Travelers' Memorandum at 7. The court disagrees.

In *Moore v. Gillis*, 239 Va. 239, 389 S.E.2d 453 (1990), the Supreme Court made it clear that a court may resort to "history" and other rules of "statutory construction" only when a statute is ambiguous or subject to differing interpretations:

> If statutory language "is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it." *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). "When an enactment is clear and unequivocal, general rules of construction of statutes of doubtful meaning do not apply." *Id.* 239 Va. at 241.

And in *Brown v. Lukhard*, the case cited in *Moore*, it is said:

> Language is ambiguous if it admits of being understood in more than one way or refers to two or more things simultaneously . . . . An ambiguity exists when the language is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness . . . . [W]hen the language of an enactment is free from ambiguity, *resort to legislative history and extrinsic facts is not permitted* because we take the words as written to determine their meaning . . . . And, when an enactment is unambiguous, *extrinsic legislative*

---

[2] Subsection 2 of pre-1991 Section 38.2–124(B) is not relevant to this case.

history may not be used to create an ambiguity, and then remove it, where none otherwise exists. 229 Va. at 321 (emphasis added, citations omitted).

I find no ambiguity in § 38.1–124(B) as it now exists.

"As set forth in Subsection A of § 38.2–2201" is a prepositional phrase. It is used in an elementary rule of grammar that where there is any chance at all of ambiguity, a modifier should be placed next to the word or words it modifies. *See, e.g.,* Strunk and White, *Elements of Style* (3rd ed. 1979), at 30. Thus, in order to have the meaning which Travelers now urges, the sentence should read:

> may include appropriate provisions obligating the insurer to pay medical expenses and loss of income benefits, as set forth in subsection A of § 32.2–2201, arising out of the death or injury of any person.

But that is not how the sentence reads. The modifying phrase appears at the end of the sentence. In fact, since the phrase is closer to the words "death" or "injury," it is those nouns which proper grammar would demand are modified, not the more remote "expense" and "loss." Even a choice between those words is not appropriate here, however, since the subject phrase appears at the very end of the sentence *and* is set off by a comma. Again, basic rules of grammar dictate the conclusion that the phrase modifies *everything* preceding it, not just one or two words. Indeed, Travelers itself unknowingly but convincingly makes the case for the conclusion which the court now reaches.

In making its argument based on the legislative history of § 38.2–124(B), Travelers cites *State Farm Mutual Automobile Insurance Company v. Seay,* 236 Va. 275, 373 S.E.2d 910 (1988), and *Virginia Farm Bureau Mutual Insurance Company v. Jerrell,* 236 Va. 261, 373 S.E.2d 913 (1988). Both of those cases dealt with § 38.2–124(B)(1) as it existed prior to 1986. At that time, as Travelers points out, that section "consisted of one large sentence providing for medical, weekly indemnity, and other specific benefits, with the modifying language, 'while in or upon, entering or alighting from, or through being struck by a motor vehicle,' at the very end of that long sentence. Based upon this version of the statute, the Virginia Supreme Court held that the modifying clause modified both the medical benefits and weekly indemnity benefits provisions." Travelers' Memorandum at 5. Travelers then declares:

The rationale of these decisions is clear — where there is one statutory sentence with a modifier at the end, *that modifier will be interpreted to apply to and govern the entire sentence. Id.* at 6.

That is precisely the situation we have here. The modifier, the prepositional phrase "as set forth in subsection A of § 38.2-2201," is at the end of one statutory sentence. Accordingly, even under Travelers' analysis, it will be interpreted to apply to and govern *the entire sentence*. Thus, not only must reference be made to subsection A of § 38.2-2201 to determine what medical expenses and loss of benefits are covered, reference to that subsection must also be made to determine what injuries and deaths are covered. Since the court must assume that the General Assembly is as aware of the rules of grammar as are the Supreme Court, this court, and even Travelers, no other interpretation is possible.[3]

Accordingly, it is the holding of this court that the 1991 amendments to Va. Code § 38.2-124(B), particularly the modifying phrase which is the subject of the above discussion, have abrogated the Supreme Court's holding in *State Farm Mutual Insurance Company v. Major, supra,* and that the circumstances of plaintiff's accident are now covered by that section.

Travelers also argues that even if the court reaches the conclusion it has now reached with regard to the meaning of § 38.2-124(B), coverage is still not provided because an insurer may still make reasonable exclusions if such exclusions are not in conflict with the statute. *See, State Farm Mutual Automobile Insurance v. Gandy,* 238 Va. 257, 383 S.E.2d 717 (1989). That case does not apply here.

Travelers seeks to exclude medical payment coverage for any injury incurred by the named insured while in or upon, or entering or alighting from any motor vehicle which is neither an "owned" motor vehicle nor a "non-owned" motor vehicle as those terms are defined in the policy. Such an exclusion, however, would be in direct conflict with the statute since the statute, as now interpreted by this

---

[3] To the extent a different interpretation might be possible, see Mollenauer v. Nationwide Mutual Insurance Company, 214 Va. 131, 198 S.E.2d at 592 (1974): "Where an insurance policy is susceptible of two constructions, one of which would effectuate coverage and the other not, it is the court's duty to adopt that construction which will effectuate coverage." 214 Va. at 132.

court, mandates coverage for injuries incurred "while in or upon, [or] entering or alighting from . . . *a* motor vehicle . . . ." (Emphasis added.) As the Supreme Court said in *Seay*:

> [O]nce [voluntary] coverage is provided, it must be written to provide at least the coverage prescribed by [statute]. The coverage cannot be lessened, for example, by substituting the term "automobile" in the policy for the term "motor vehicle" specified in the statute. 236 Va. at 275.

Coverage also cannot be lessened by substituting the terms "owned" and "non-owned" motor vehicles for the statutorily specified "*a*" motor vehicle. Because Travelers' exclusion would lessen the coverage set out in Section 38.1–124(B), it is a nullity.

Finally, plaintiff seeks an award of costs and attorney's fees under § 38.2–209. Although the court has now interpreted § 38.2–124(B) differently than Travelers, there is absolutely no reason to conclude that Travelers' position was not taken in good faith. Indeed, the court is impressed by the extremely competent and well-reasoned submissions of both parties, and I specifically find that Travelers' resistance to plaintiff's claim does not constitute bad faith. Since § 38.2–209 allows costs and attorney's fees only in cases of bad faith, no such costs and fees will be awarded here, other than those statutory costs normally awarded a prevailing party upon entry of judgment.