## CIRCUIT COURT OF THE CITY OF RICHMOND

Horace Evans

v.

State Farm Mutual Ins. Co.

April 20, 1994

Case No. LX-198-3

BY JUDGE RANDALL G. JOHNSON

In this action, plaintiff seeks reimbursement for medical expenses under the medical payments provisions of an automobile insurance policy issued to him by defendant, State Farm Mutual Insurance Company. The case is presently before the court on State Farm's motion for summary judgment. All of the relevant facts have been stipulated to, and there are no material facts genuinely in dispute.

Plaintiff sustained bodily injury as a result of a collision with another vehicle on December 15, 1992. At the time of the collision, plaintiff was operating a 1989 Honda motorcycle owned by and registered to plaintiff. The motorcycle was a motor vehicle and was insured for liability by State Farm. The policy listed plaintiff as the named insured and the motorcycle as the only insured vehicle. The policy provided no coverage for medical expenses.

Plaintiff also owned a 1988 Jeep Cherokee Sport Wagon, which was also insured by State Farm, but under a different policy. The Jeep policy listed plaintiff as the named insured and the 1988 Jeep as the only insured vehicle. The Jeep policy provided coverage for medical expenses.

Plaintiff has submitted a claim to State Farm under the Jeep policy to recover the medical expenses incurred by him as a result of his motorcycle accident. State Farm has denied the claim. Plaintiff's medical bills are $1,292.90, and State Farm does not challenge the reasonableness or necessity of the bills.

Virginia Code § 38.2–2201(A) provides:

> Upon request of an insured, each insurer licensed in this Commonwealth issuing or delivering any policy or contract of bodily injury or property damage liability insurance covering liability arising from the ownership, maintenance or use of any motor vehicle shall provide on payment of the premium, as a minimum coverage (i) to persons occupying the insured motor vehicle; and (ii) to the named insured and, while resident of the named insured's household, the spouse and relatives of the named insured while in or upon, entering or alighting from or through being struck by *a* motor vehicle while not occupying *a* motor vehicle, the following health care and disability benefits for each accident:
>
> 1. All reasonable and necessary expenses for medical, chiropractic, hospital, dental, surgical, ambulance, prosthetic and rehabilitation services, and funeral expenses, resulting from the accident and incurred within three years after the date of the accident, up to $2,000 per person; however, if the insured does not elect to purchase such limit the insurer and insured may agree to any other limit; and
>
> 2. If the person is usually engaged in a remunerative occupation, an amount equal to the loss of income incurred after the date of the accident resulting from injuries received in the accident up to $100 per week during the period from the first workday lost as a result of the accident up to the date the person is able to return to his usual occupation. However, the period shall not extend beyond one year from the date of the accident.

Emphasis added.

In *Wells v. Travelers Ins. Co.*, 26 Va. Cir. 296 (1992), this court was faced with a factual situation identical to the one presented here. Relying on § 38.2–2201(A), I held that Travelers was precluded from enforcing the subject exclusion because that section required coverage, upon request of the insured, for injuries incurred "while in or upon, [or] entering or alighting from . . . *a* motor vehicle . . ."[1] so that distinctions between "owned" and "nonowned" motor vehicles, and by

---

[1] 26 Va. Cir. at 303 (emphasis in original).

necessary extension, "insured" and "noninsured" motor vehicles, were irrelevant. The only relevant question, or so I held in *Wells*, was whether plaintiff's injury was incurred in connection with *a* motor vehicle. Since it was, plaintiff prevailed. If that holding is correct, judgment must also be entered for plaintiff here, a fact which State Farm concedes. State Farm contends, however, that my decision in *Wells* is not correct.

In *Baker v. State Farm Mutual Auto. Ins. Co.*, 242 Va. 74, 405 S.E.2d 624 (1991), which was decided eight months before *Wells* but which was never brought to my attention during the pendency of *Wells*, the Supreme Court addressed an issue virtually identical to the one presented here and in *Wells*; specifically, whether an insurer may exclude from statutorily mandated coverage injuries which are also compensable under workers' compensation. The Court held that such coverage could be excluded. State Farm argues that *Baker's* holding is controlling here. I agree.

It is true that *Baker* deals with an exclusion for injuries compensable under workers' compensation, while *Wells* and the present case deal with an exclusion for owned but noninsured vehicles. That distinction, however, is without substance. The fact is that the Supreme Court recognizes an insurer's right to enforce reasonable, clear, and unambiguous exclusions to medical payments coverage provided under § 38.2–2201.[2] There is nothing about the present exclusion which is any less reasonable, less clear, or less ambiguous than the one in *Baker*. Thus, while I still believe that my decision in *Wells* is correct, agreeing wholeheartedly with Justice Lacy's dissent in *Baker*, particularly her comment that "the majority now is either erasing [the] differences [between § 38.2–2201 and pre-1991 amended § 38.2–124] or judicially altering the coverage requirements of § 38.2–2201 to replicate those of [pre-1991 amended] § 38.2–124,"[3] I am nevertheless bound by the majority's decision in *Baker*. Because that decision allows exclusions such as the one at issue here, State Farm's motion for summary judgment is granted.

---

[2] Actually, the coverage in *Baker* was provided under former § 38.1–380.1. As the Court pointed out, however, that section is substantively the same as present § 38.2–2201. *See* 242 Va. at 76, n. 2.

[3] 242 Va. at 78.