Present:  All the Justices

GOVERNMENT EMPLOYEES INSURANCE COMPANY

OPINION BY
v.   Record No. 992820     JUSTICE LAWRENCE L. KOONTZ, JR.
September 15, 2000

BERTHA HALL, CO-ADMINSTRATOR
 OF THE ESTATE OF PATRICIA
 PALMER, DECEASED, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
John K. Moore, Judge


The issue we decide in this case is whether an insured

under a motor vehicle liability insurance policy effectively

waived the maximum uninsured motorist insurance coverage

mandated by Code § 38.2-2206(A) for that policy when she

submitted an uninsured motorist waiver form more than 20 days

after receiving it from her insurer.

BACKGROUND

Evelyn Perry Palmer (Palmer) purchased the automobile

liability insurance policy under consideration from Government

Employees Insurance Company (GEICO) in 1974.  On August 23,

1997, Palmer's daughter, Patricia Palmer, was a passenger in a

car owned and operated by Alicia Danetta Palmer, one of Palmer's

granddaughters.  The car swerved off a highway in Sussex County,

striking a guardrail.  Patricia Palmer died as a result of

injuries sustained in the accident.  At the time of the

accident, Patricia Palmer resided with her mother and, thus, was

a "person insured" under a provision of Palmer's policy with GEICO extending coverage to "any resident of the same household." This policy provided $300,000 in bodily injury liability coverage.

On or about July 1 during each year relevant to this appeal, GEICO mailed Palmer a "Renewal Solicitation Package" in anticipation of the policy's September anniversary date. Included in this package was a form denoted as M-316-VA (the waiver form) allowing the policyholder to reduce the amount of uninsured motorist insurance coverage otherwise statutorily mandated to equal the amount of bodily injury liability coverage provided by the policy. Code § 38.2-2206(A). GEICO's waiver form explicitly notified the policyholder that she was required to return the form within 20 days in order to select the lower uninsured motorist insurance coverage.

On July 9, 1991, Palmer executed the waiver form included in the 1991 renewal package in an attempt to reduce the amount of the uninsured motorist insurance coverage under her policy from $300,000 to $30,000 per person/$60,000 per occurrence. Although Mrs. Palmer's husband, Edward J. Palmer, was also a "named insured" under the policy, he failed to endorse the waiver form. GEICO nonetheless honored the waiver form and reduced the uninsured motorist insurance coverage and the policy premium accordingly.

2

The 1992 renewal package was mailed to Palmer on July 1, 1992. However, Palmer did not execute the waiver form in that renewal package until August 12, 1992, and GEICO received it on August 18, 1992. Because her husband had died on May 9, 1992, Palmer's signature was the only one required on the 1992 waiver form. Palmer returned no other waiver forms in subsequent years, and GEICO continued to provide uninsured motorist insurance coverage at the reduced rate.[1] The lower cost of the reduced coverage saved Palmer approximately $14 annually in premiums for 1991 and 1992, and the savings have risen to approximately $40 annually in recent years. The policy declaration form covering the six months in which the accident occurred indicates uninsured motorist insurance coverage of $30,000 per person/60,000 per occurrence.

Bertha Hall and Angela Hicks qualified as co-administrators of Patricia Palmer's estate on August 29, 1997 and November 25, 1997, respectively. In that capacity, they filed a motion for judgment alleging that the August 23, 1997 accident was caused by the combined negligence of Alicia Palmer and "John Doe," the driver of an oncoming vehicle which allegedly forced Alicia

---

[1]Palmer did not return waiver forms sent in 1993 and 1994. Beginning in 1995, GEICO only sent the waiver form to tenured policyholders every five years rather than annually.

3

Palmer's car off the highway.[2]  The administrators subsequently

filed a declaratory judgment action against GEICO in the Circuit

Court of the City of Virginia Beach.  It is this latter action

that is the subject of this appeal.  In this action, the

administrators sought a determination that GEICO was obligated

to provide the estate the maximum uninsured motorist insurance

coverage, that is $300,000, rather than the $30,000 stated in

the policy.[3]

The trial court found that both the 1991 and 1992 waivers

were ineffective and, therefore, required GEICO to provide

$300,000 in uninsured motorist insurance coverage under Palmer's

policy.  With respect to the 1991 waiver, the trial court ruled

that the then applicable provisions of Code § 38.2-2206(A)

required that each named insured under an automobile insurance

policy reject the statutorily mandated amount of uninsured

motorist insurance coverage in order for a waiver to be valid,

and cited State Farm Mut. Auto. Ins. Co. v. Weisman, 247 Va.

199, 203, 441 S.E.2d 16, 19 (1994).  Because Palmer's husband

---

[2]Evelyn Palmer's uninsured motorist insurance coverage is relevant to the administrators' action for two reasons: Alicia Palmer's lack of insurance at the time of the accident, and the alleged negligence of John Doe, the unidentified driver of the other vehicle.

[3]The trial court rejected the administrators' requested determination that the policy permitted a "stacked" recovery in the event of judgments against both Alicia Palmer and John Doe. The stacking issue is not before this Court on appeal.

was a named insured and did not sign the 1991 waiver form, the trial court ruled that the waiver was invalid.[4]

Citing Code § 38.2-2202(B), the trial court further ruled that the 1992 waiver form was also invalid because it was not returned to GEICO within 20 days as required by the statute. In so ruling, the trial court stated that if GEICO "reduced the level of Mrs. Palmer's [uninsured motorist] coverage, despite the fact that she had not properly rejected the [statutorily mandated] amount of coverage, the insurer has no one to blame but itself."

GEICO filed a motion to reconsider the trial court's ruling with respect to the validity of the 1992 waiver. In response, the trial court recognized that GEICO's evidence established that GEICO mailed further premium notices on August 13, 1992 and September 1, 1992, which, GEICO asserted, would have brought Palmer's waiver within the 20 days required by the statute.[5] Nonetheless, the trial court ruled that GEICO "has consistently chosen to impose greater responsibilities on itself than the law

---

[4]While GEICO argued the validity of the 1991 waiver on brief, counsel conceded at oral argument of this appeal that the 1991 waiver was invalid under Weisman. Accordingly, we will not disturb the trial court's ruling with respect to that waiver.

[5]A GEICO representative, Alice Hinkle, testified that the September 1992 policy had two issue dates because the policy was processed on August 13, 1992, but that a new endorsement reflecting changes requested by Palmer was issued on September 1, 1992.

requires by giving Mrs. Palmer the option of electing a lesser amount of uninsured motorist coverage with each renewal policy." Accordingly, because the waiver form sent with the July 1, 1992 renewal package specified that the executed waiver form be returned to GEICO within 20 days and it was not, the trial court declined to modify its prior ruling and entered final judgment consistent therewith. We awarded GEICO this appeal.

DISCUSSION

GEICO contends that the trial court improperly applied Code § 38.2-2202(B) to the 1992 waiver form because the statute applies only to new policies. Code § 38.2-2202(B) specifically provides that "[n]o new policy or original premium notice of insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be issued or delivered unless it contains" a notice to the policyholder that uninsured motorist coverage in the same amount as the liability coverage will be included with the policy unless voluntarily reduced by the policyholder "within 20 days of the mailing of the policy or the premium notice, as the case may be." The statute further provides that "[a]fter twenty days, the insurer shall be relieved of the obligation imposed by this subsection to attach or imprint the foregoing statement to any subsequently delivered renewal policy, extension certificate, other written

6

statement of coverage continuance, or to any subsequently mailed premium notice."

Title 38.2 was adopted by the 1986 Acts of Assembly, Chapter 562, which concurrently repealed Title 38.1. Code § 38.1-380.2(B), the predecessor to § 38.2-2202(B), explicitly provided a notice applicable to each "new or renewal policy . . . and . . . original or renewal premium notice . . . ." (Emphasis added.)

While we recognize the presumption that a recodified statute is not substantively changed unless a contrary intent appears plainly in the revised version, we will not merely assume that a recodified statute has the identical effect of its predecessor where a change exists in the language of the recodified provision. State Farm Mut. Auto. Ins. Co. v. Major, 239 Va. 375, 378, 389 S.E.2d 307, 309 (1990). The terms "renewal policy" and "renewal premium notice" are conspicuously absent from the corresponding first paragraph of this recodified statute. These deletions, together with the retention of the language concerning new policies and original premium notices, amply demonstrate the General Assembly's intent to remove renewal notices from the scope of Code § 38.2-2202(B). The maxim expressio unius est exclusio alterius applies. "This maxim provides that mention of a specific item in a statute implies that omitted items were not intended to be included

7

within the scope of the statute." Turner v. Sheldon D. Wexler, D.P.M., P.C., 244 Va. 124, 127, 418 S.E.2d 886, 887 (1992)(citing Tate v. Ogg, 170 Va. 95, 103, 195 S.E. 496, 499 (1938)).  Moreover, the final paragraph of Code § 38.2-2202(B) expressly permits the insurance company to exclude the notice from a "renewal policy."  Accordingly, we hold that the trial court erred in ruling that the time limit contained in the statute applied to renewal notices sent to Palmer.

We next consider whether the 20-day limit stated in the waiver form mailed to Palmer with the 1992 renewal package, although not required by Code § 38.2-2202(B), nevertheless bound GEICO to provide the uninsured motorist insurance coverage mandated by Code § 38.2-2206(A) because Palmer returned the waiver form to GEICO more than 20 days after it was mailed to her.  Examining the course of dealing between the parties, we find that the 20-day limit was not an essential term and, thus, could be waived by GEICO.  Moreover, the subsequent actions by both GEICO and Palmer were consistent with an agreement for the lower amount of uninsured motorist insurance coverage.

In Stanley's Cafeteria, Inc. v. Abramson, 226 Va. 68, 73, 306 S.E.2d 870, 873 (1983), we discussed the import of a course of dealing regarding the modification of a contract:

> We agree that a course of dealing by contracting parties, considered in light of all the circumstances, may evince mutual intent to modify the terms in their

8

> contract.  See Kent v. Kent, 2 Va. Dec. 674, 678, 34
> S.E. 32, 33 (1899). . . . But the circumstances
> surrounding the conduct of the parties must be
> sufficient to support a finding of a "mutual
> intention" that the modification be effective, Warren
> v. Goodrich, 133 Va. 366, 388, 112 S.E. 687, 694
> (1922), and such intention must be shown by "clear,
> unequivocal and convincing evidence, direct or
> implied," id. at 389, 112 S.E. at 694.

226 Va. at 73, 306 S.E.2d at 873; see also Cardinal Development Co. v. Stanley Constr. Co., 255 Va. 300, 305-06, 497 S.E.2d 847, 850-51 (1998)(finding subsequent conduct of parties established mutual intent to modify contract).

In the instant case, the mutual intent of the parties that Palmer's policy provide for a reduced amount of uninsured motorist insurance coverage is established by unequivocal evidence.  Although not within the 20 days specified in the waiver form, Palmer signed and returned the form to GEICO which clearly indicated that she wanted to be provided uninsured motorist insurance coverage under her policy in the amount of $30,000 per person/$60,000 per occurrence.  Consistent with Palmer's expressed intent to waive the higher available coverage, GEICO issued a renewal policy to her with the requested uninsured motorist insurance coverage and reduced her premium accordingly.  Both parties received what they bargained for: a reduced premium in exchange for reduced insurance coverage.  Accordingly, we hold that the 1992 waiver was effective to reduce the amount of Palmer's uninsured motorist

insurance coverage from $300,000 to $30,000 per person/$60,000 per occurrence. That waiver was effective at the time of the accident in question. See USAA Casualty Ins. Co. v. Alexander, 248 Va. 185, 190, 445 S.E.2d 145, 147 (1994)(waiver and reduction of coverage remains in effect during subsequent renewals of the policy).

## CONCLUSION

For these reasons, we will reverse the trial court's judgment, and will enter final judgment establishing GEICO's maximum uninsured motorist insurance liability in this case at $30,000 per person/$60,000 per occurrence.

Reversed and final judgment.