COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Petty, Alston and Russell
Argued at Lexington, Virginia


JANINE HELEN ADELMAN BROWNING

OPINION BY
v.        Record No. 2012-16-3        JUDGE WESLEY G. RUSSELL, JR.
JULY 25, 2017

LARRY GRANT BROWNING


FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
Josiah T. Showalter, Jr., Judge Designate

Thomas P. Walk (Altizer, Walk and White, PLLC, on briefs), for
appellant.

Robert M. Galumbeck (Galumbeck and Kegley, Attorneys, on brief),
for appellee.


Janine Browning ("wife") appeals an order of the circuit court regarding the equitable

distribution of the marital estate and the award of spousal support resulting from her divorce from

Larry Browning ("husband").  Because we find a trial transcript that was not timely filed is

indispensable to our resolution of the issues raised on appeal, we consider those issues waived and

affirm the judgment of the trial court.

BACKGROUND

"On appeal, we view the evidence in the light most favorable to husband, the prevailing

party below, and grant him 'all reasonable inferences fairly deducible therefrom.'"  Bajgain v.

Bajgain, 64 Va. App. 439, 443, 769 S.E.2d 267, 269 (2015) (quoting Anderson v. Anderson, 29

Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)).

The parties were married on January 27, 1967.  The instant divorce action was initiated on

April 30, 2007, when wife filed a complaint for divorce in the Circuit Court of Washington County.

On May 25, 2007, husband filed his answer and cross-complaint. Both parties sought a divorce and equitable distribution; wife additionally requested temporary and permanent spousal support and attorney's fees. Because husband, an attorney, practiced regularly before the court, a judge designate was appointed. Wife filed a motion for the judge designate to recuse himself, which was denied, and the designated judge for several years thereafter heard numerous *pendente lite* and ancillary matters and entered orders in accord with his rulings. Ultimately, however, after wife again moved for recusal on alternative grounds, the initial judge designate recused himself by order dated October 7, 2011, *nunc pro tunc* to August 23, 2011. A second judge designate was appointed, but then also recused himself. Ultimately, a third judge designate, who entered the order from which this appeal is taken, was appointed as judge designate on November 18, 2011.[1]

On March 6, 2012, a scheduling order was entered setting the matter for a two-day trial in July 2012. In lieu of trial in July 2012, a hearing was held on the parties' intervening motions. On October 16, 2012, the court entered an order reflecting its rulings on those issues and resetting the trial date for November 19, 2012. On that date, the court conducted an evidentiary hearing on the issues related to the grounds of divorce, equitable distribution, and spousal support. Alleged marital agreements and other items were offered into evidence.

Shortly after the November 19, 2012 hearing, the court reporter produced a transcript of the hearing. Copies of the transcript were provided to counsel for the parties and the trial judge. No copy of the transcript was filed with the clerk of the trial court at that time.[2]

---

[1] Although the case remained a Washington County case, at least some of the hearings were held at the Wythe County Circuit Court in Wytheville where the third judge designate routinely sits.

[2] The November 19, 2012 transcript eventually was filed with the Clerk of the Circuit Court of Washington County. The transcript bears a clerk's stamp indicating it was filed on January 19, 2017.

Because additional time was needed for wife's expert witness to update his report on the valuation of husband's law practice and the evidentiary hearing had lasted longer than the time allotted, the case was carried over to February 26, 2013. Thereafter, the matter again was continued and rescheduled for a July 9, 2013 hearing.

It appears that in June 2013, wife sought a further continuance. Husband objected and filed a renewed motion for bifurcation of the divorce from the property and support issues. The court granted both requests. By order dated August 15, 2013, the court memorialized the bifurcation, granted the parties a divorce on separation grounds, and continued the other issues generally. The remaining issues were noticed for a hearing on January 8, 2014. In addition to the evidence adduced on that date *ore tenus*, the court permitted the parties to submit their expert witness testimony via deposition and offered an opportunity for them to call potential other witnesses live at a future date.

A transcript of the January 8, 2014 hearing was prepared and received by counsel for the parties. A copy of the transcript was filed with the clerk of the trial court on March 10, 2014.

No further *ore tenus* evidentiary hearings were conducted. The parties were permitted to submit for consideration additional exhibits and post-hearing memoranda.

The trial court issued a letter opinion on July 16, 2016. Both parties presented draft orders memorializing the court's rulings for the court to review, and a brief hearing was held on the matter. Ultimately, the court entered its final decree regarding spousal support and equitable distribution on November 16, 2016. Wife filed her notice of appeal with the clerk of the circuit court on December 7, 2016.

In her appeal, wife argues that the trial court erred regarding equitable distribution, the classification of certain pieces of property, in its interpretation of a trust agreement, in the division

of certain pieces of personal property, in failing to award her attorney's fees, and regarding the effective date selected for the commencement of spousal support payments.

In response, husband not only addresses the merits of wife's appeal, but moves to dismiss the appeal based on alleged violations of Rule 5A:8. Specifically, husband argues that no notice of filing transcripts has been filed regarding either the transcript of the November 19, 2012 hearing or the transcript of the January 8, 2014 hearing as required by Rule 5A:8(b). Furthermore, husband argues that the November 19, 2012 hearing transcript is not part of the record because it was not filed with the clerk of the trial court within the time period specified in Rule 5A:8(a). In short, husband requests that we find that these transcripts are not a part of the record and dismiss wife's appeal. We will address husband's procedural arguments based on the Rules of Court in turn.

ANALYSIS

I. Standard of Review

Husband's motion to dismiss the appeal is premised on requirements imposed by the Rules of the Supreme Court. Interpretation of the Rules is a legal question that we address *de novo*. Belew v. Commonwealth, 284 Va. 173, 177, 726 S.E.2d 257, 259 (2012). Rules of statutory construction apply equally to the interpretation of the Rules, so that "[i]n construing the language of rules and statutes, 'we must give effect to the [drafters'] intention[s] as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.'" Muse Const. Group, Inc. v. Commonwealth Bd. of Contractors, 61 Va. App. 125, 130-31, 733 S.E.2d 690, 692 (2012) (alteration in original) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)). Thus, the Rules are applied according to their plain language. Thornton v. Glazer, 271 Va. 566, 570, 628 S.E.2d 327, 328 (2006).

Because husband seeks dismissal of the appeal, we note that, although we may dismiss an appeal for non-compliance with the Rules, Rule 5A:1A, deficiencies in notice of filing and filing of transcripts do not entitle appellees to dismissal of an appeal in every instance. See Smith v. Commonwealth, 281 Va. 464, 468, 706 S.E.2d 889, 892 (2011) (holding transcript filing requirement is non-jurisdictional procedural rule); Rule 5A:8(b)(4) (setting forth effect of non-compliance with transcript filing requirements). Nevertheless, the failure to present a complete record upon which this Court can make an effective determination of the issues may bar our consideration of a party's assigned errors. See, e.g., Shiembob v. Shiembob, 55 Va. App. 234, 246, 685 S.E.2d 192, 198-99 (2009); Rule 5A:8(b)(4)(ii).

## II. Failure to File Notice of Filing Transcripts

Rule 5A:8(b)(1) provides in pertinent part that

> [w]ithin 10 days after the transcript is filed or, if the transcript is filed prior to the filing of the notice of appeal, within 10 days after the notice of appeal is filed, counsel for appellant shall: (i) give written notice to all other counsel of the date on which the transcript was filed, and (ii) file a copy of the notice with the clerk of the trial court.

For cases involving multiple transcripts, Rule 5A:8(b)(2) provides that "the 10-day period for filing the notice required by this Rule shall be calculated from the date on which the last transcript is filed or from the date on which the notice of appeal is filed, whichever is later."

In this case, there is no dispute that wife failed to file the notice of filing transcripts required by Rule 5A:8(b). Thus, the question before us is the sanction, if any, for that failure.

The potential sanction for failure to file a notice of filing transcript is specified in Rule 5A:8(b)(4)(i), which provides that

> [a]ny failure to file the notice required by this Rule that *materially prejudices an appellee* will result in the affected transcripts being stricken from the record on appeal. For purposes of this Rule, material prejudice includes preventing the appellee from raising

> legitimate objections to the contents of the transcript or misleading
> the appellee about the contents of the record.

(Emphasis added). Thus, striking the subject transcripts from the record on appeal is the appropriate sanction for failing to file a notice of filing transcript(s); however, such sanction is imposed only if the appellee suffers material prejudice as a result of the failure to file the notice.

Here, we discern no prejudice, material or otherwise, that husband has suffered as a result of wife's failure to file a notice of filing transcripts in this case. Husband timely received copies of the transcripts at issue and does not allege that they contain any errors. Husband did not allege in his motion or on brief that he suffered any prejudice from wife's failure to file a notice of filing transcripts, and, at oral argument, he conceded that he had suffered no prejudice as a result of the violation of Rule 5A:8(b).[3] Accordingly, no sanction is appropriate with respect to wife's failure to file a notice of filing transcripts.

III. Failure to Timely File the November 19, 2012 Hearing Transcript

Although a challenge under Rule 5A:8(b) can lead to the striking of transcripts that *are* part of the record, husband argues that the November 19, 2012 transcript never became part of the record because wife failed to timely file it with the clerk of the trial court. If the transcript is not a part of the record on appeal, we cannot consider it or any references to it in addressing wife's arguments because "[a]n appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief . . . . We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

The content of the record on appeal is delineated by Rule 5A:7. Rule 5A:7(a)(7) provides that the record on appeal includes "the transcript of any proceeding . . . when made part of the

---

[3] Husband had the burden of establishing prejudice. Rule 5A:8(b)(4)(i) ("The appellee shall have the burden of establishing such prejudice . . . .").

record as provided in Rule 5A:8 . . . ." Rule 5A:8(a) directs that, for a transcript to become a part of the record, it be "filed in the office of the clerk of the trial court within 60 days after entry of the final judgment."

The trial court entered the final order in this case on November 16, 2016. Sixty days after November 16, 2016 was January 15, 2017; however, January 15, 2017 was a Sunday. Pursuant to Code § 1-210(B), "[w]hen the last day for performing an act during the course of a judicial proceeding falls on a Saturday, Sunday, legal holiday . . . , the act may be performed on the next day that is not a Saturday, Sunday, legal holiday . . . ." Monday, January 16, 2017, was Martin Luther King, Jr., Day. See Code § 2.2-3300. Thus, to be a part of the record in the ordinary course, the November 19, 2012 hearing transcript had to be filed with the clerk of the trial court no later than January 17, 2017.

Here, although the November 19, 2012 transcript was prepared by the court reporter and provided to counsel for the parties and the trial judge in January 2013, it was not filed in the office of the clerk of the trial court until January 19, 2017, two days after the Rule 5A:8(a) deadline ran. Wife argues that husband suffers no prejudice from the inclusion of the November 19, 2012 transcript in the record.

Wife may very well be correct that husband's defense of the appeal has in no way been prejudiced by the fact that the November 19, 2012 hearing transcript was first filed with the clerk of the trial court a mere two days after the Rule 5A:8(a) deadline. After all, husband had been aware of the transcript's existence for literally years, had access to a copy, and was aware that the trial judge had a copy and presumably had relied upon it in drafting his letter opinion. It is hard to divine how husband's ability to defend the appeal has been in any way prejudiced by wife's alleged failure to comply with Rule 5A:8(a).

The sanction for failure to comply with Rule 5A:8(a) is governed by Rule 5A:8(b)(4)(ii), which provides that "[w]hen the appellant fails to ensure that the record contains transcripts . . . *necessary* to permit resolution of appellate issues, *any assignments of error affected by such omission* shall not be considered." (Emphasis added). Noticeably absent from Rule 5A:8(b)(4)(ii) is any mention of prejudice. The absence of a prejudice requirement is even more significant given that Rule 5A:8(b)(4)(i), dealing with the failure to file a notice of filing transcript, contains a very specific prejudice component. See supra. From the plain language of the rule, it is clear that prejudice (or the lack thereof) is not a relevant inquiry regarding compliance with Rule 5A:8(a); we are limited to determining whether the transcript was timely filed or not and, if the transcript was not timely filed, what effect the absence of the transcript from the record has on the appeal.

Wife next argues that the transcript, in fact, was timely filed; it was just filed with the trial judge as opposed to the clerk of the trial court. Once again, wife's argument fails under the plain meaning of the Rules.

Rule 5A:8(a) makes no mention of the trial judge and, as noted above, requires that a hearing transcript be "*filed in the office of the clerk of the trial court . . . .*" (Emphasis added). Although the meaning of this phrase is readily apparent from the words themselves, any doubt as to their specific meaning is removed by the definitions section of Part 5A of the Rules. Rule 5A:1(c)(9) defines "filed in the office of the clerk" to mean "deliver a paper to the clerk specified[,]" here, the clerk of the trial court. Rule 5A:1(c)(1) defines "clerk of the trial court" as the "clerk of the trial court from which an appeal is taken to the Court of Appeals, and shall include a deputy clerk . . . when the context requires." Applying these specific definitions, it is clear that a transcript becomes part of the record only when it is delivered to the clerk of the trial

court or his deputy; delivery to anyone else, including the trial judge, does not make a transcript a part of the record.

The conclusion that delivery of a hearing transcript to the trial judge does not constitute filing with the clerk of the trial court is further supported by other definitions in Rule 5A:1. Rule 5A:1(c)(7) defines "judge" as "judge of the trial court, unless the context otherwise requires, or if he be not available, any judge authorized to act under Rule 5A:9 . . . ," and Rule 5A:1(c)(10) defines "trial court" as "the circuit court from which an appeal is taken to the Court of Appeals . . . ." Because the Rules separately define "judge" and "clerk of the trial court" and use them independently throughout the Rules, we cannot conclude that one can substitute for the other.[4] Cf. GEICO v. Hall, 260 Va. 349, 355, 533 S.E.2d 615, 617 (2000) (applying the maxim *expressio unius est exclusio alterius*, which "provides that mention of a specific item in a statute implies that omitted items were not intended to be included within the scope of the statute" (quoting Turner v. Wexler, 244 Va. 124, 127, 418 S.E.2d 886, 887 (1992))); Zinone v. Lee's Crossing Homeowners Ass'n, 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011) ("[W]hen the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional."). Accordingly, the court reporter providing the November 19, 2012 transcript to the trial judge did not make it a part of the record.

_____

[4] In responding to the motion to dismiss, wife provided this Court with what purports to be a January 2013 e-mail from the court reporter that indicates that the court reporter asked the trial judge's assistant where to send the original November 19, 2012 hearing transcript and that the judge's office replied that the trial judge's "instructions are for me to send the original transcript and original exhibit binder to him and he will mark each as received and filed, and that was assuming that [wife's counsel] wanted the original filed." We first note that the e-mail is not a part of the record, and therefore, is not properly before us. Smith, 16 Va. App. at 635, 432 S.E.2d at 6. Nevertheless, even assuming the e-mail were properly before us, nothing in the purported instruction of the trial judge prohibited or prevented wife from filing a copy of the transcript with the clerk of the trial court. By way of example, a copy of the January 8, 2014 hearing transcript was filed with the clerk of the trial court on March 10, 2014.

Having concluded that the November 19, 2012 transcript is not a part of the record on appeal, we must determine the effect of that conclusion. In his motion, husband seeks dismissal of the appeal. Dismissal, however, is not the appropriate remedy for the absence of a transcript because "the failure to timely file [a] transcript . . . [does] not deprive the Court of Appeals of its active jurisdiction to proceed to judgment . . . ." Smith, 281 Va. at 470, 706 S.E.2d at 893. Instead, consistent with the language of Rule 5A:8(b)(4)(ii), for any assignments of error for which the arguments below are "contained within the untimely-filed transcript" and for which the subject transcript is "indispensable to the determination of th[e] issue[s]," those assignments of error are "waived on appeal." Shiembob, 55 Va. App. at 246, 685 S.E.2d at 198-99.

Here, it is clear that the November 19, 2012 hearing transcript is indispensable to our consideration of wife's assignments of error. The November 19, 2012 hearing was the main hearing in the case regarding the issues of equitable distribution, valuation of assets, classification of property, and spousal support. Without the transcript, we cannot know with certainty the arguments made by the parties or the evidence that the trial judge could consider. Wife, displaying credible candor, acknowledged at oral argument that we cannot resolve her assignments of error without consideration of the November 19, 2012 hearing transcript.

Therefore, consistent with Rule 5A:8(b)(4)(ii), we must deem her assignments of error waived and affirm the judgment of the trial court.[5]

Although enforcing the Rules of Court may lead to harsh results in individual cases, it is not unfair. Mayo v. Dep't. of Commerce, 4 Va. App. 520, 522, 358 S.E.2d 759, 761 (1987) ("[C]ompliance with [the Rules of Court] is necessary for the orderly, *fair* and expeditious administration of justice." (emphasis added) (citation omitted)); Turner v. Commonwealth, 2 Va. App. 96, 98, 341 S.E.2d 400, 401 (1986) ("[C]ompliance with the Rules of Court is essential to the prompt and *fair* administration of justice[.]" (emphasis added)); see also, Reaves v. Tucker, 67 Va. App. 719, 734, 800 S.E.2d 188, ___ (2017) ("'[N]eutral procedural rules allow courts to set limits and mark off boundaries without regard to which side stands to gain or lose. . . . When courts apply procedural rules dispassionately and neutrally to every litigant . . . everyone else knows exactly what is expected of them and, hopefully, will rise to the occasion.'" (quoting Umana-Barrera v. Commonwealth, No. 141122, 2015 Va. Unpub. LEXIS 15, at *20-21 (Va. Aug. 21, 2015) (Kelsey, J. concurring))). The Rules of Court are published for the very purpose of placing every litigant on notice of what is expected and required. Cf. Umana-Barrera, 2015 Va. Unpub. LEXIS 15, at *20 n.6 (Kelsey, J. concurring) ("The benign goal of procedural default law, therefore, is to render itself harmless by being so well known."). As we recently

---

[5] We note that there were several avenues that wife could have utilized to avoid or ameliorate this predicament. Initially, she could have filed the copy of the November 19, 2012 hearing transcript that she received in January 2013 with the clerk of the trial court as opposed to relying on the actions of others to accomplish what, ultimately, is her responsibility. Once the sixty-day deadline had passed, wife could have filed a motion with this Court seeking leave to have the November 19, 2012 hearing transcript made part of the record. See Rule 5A:8(a) (The deadline for filing transcripts "may be extended by a Judge of the Court of Appeals only upon a written motion filed within 90 days after the entry of final judgment. Timely motions will be granted only upon a showing of good cause to excuse the delay."). She did not do so. Finally, under the Supreme Court's decision in Belew, 284 Va. 173, 726 S.E.2d 257, she, at any time prior to the docketing of her appeal in this Court, could have moved the trial court to make the transcript part of the record pursuant to Code § 8.01-428(B) and Rule 5A:9. She did not do so.

recognized, "the Rules of the Supreme Court are rules and not suggestions; we expect litigants before this Court to abide by them." Eaton v. Dep't of Soc. Servs., 66 Va. App. 317, 320 n.1, 785 S.E.2d 231, 233 n.1 (2016).

The Rules and case law are clear: it is the responsibility of an appellant to provide us with a record sufficient to allow us to reach his or her assignments of error. See, e.g., White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995) ("[T]the onus is upon the appellant to provide the reviewing court with a sufficient record from which it can be determined whether the trial court erred as the appellant alleges. If an insufficient record is furnished, the judgment appealed from will be affirmed."); Rule 5A:8(b)(4)(ii). Appellants who fail to do so proceed at their own peril.

CONCLUSION

Because the November 19, 2012 hearing transcript is not part of the record and is indispensable to our resolution of wife's assignments of error, we must deem the assignments of error waived, and therefore, we affirm the judgment of the trial court.[6]

Affirmed.

---

[6] Both parties have requested that we award them their respective attorney's fees on appeal. We award appellate fees only in the unusual case where the arguments on appeal are "not fairly debatable under any reasonable construction of the record or the governing legal principles." Brandau v. Brandau, 52 Va. App. 632, 642, 666 S.E.2d 532, 538 (2008). Given the circumstances of this case, we decline to award either party their respective attorney's fees on appeal.