COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, AtLee and Senior Judge Haley

HALEY HARRIS, TAMMY DAWN DAUCH AND
  HERBERT DAUCH, JR.

                                                    MEMORANDUM OPINION*
v.        Record No. 0356-20-3                           PER CURIAM
                                                       FEBRUARY 23, 2021

CARROLL COUNTY DEPARTMENT
  OF SOCIAL SERVICES

             FROM THE CIRCUIT COURT OF CARROLL COUNTY
                    Bradley W. Finch, Judge Designate

             (Wren M. Williams; Schneider & Williams, P.C., on brief), for
             appellants.

             (Mary Foil Russell; Michael R. Bedsaul; Joey D. Haynes, Guardian
             *ad litem* for the minor child; Sands Anderson; The Jackson Law
             Group PLLC, on brief), for appellee.


       Haley Harris (mother), Tammy Dauch (maternal grandmother), and Herbert Dauch

(maternal grandfather) appeal the order terminating mother's parental rights to her minor child,

S.J.H. In their sole assignment of error, appellants argue that the circuit court erred in terminating

mother's parental rights without a finding as to the completion or adequacy of the investigation into

alternative placement options conducted by Carroll County Department of Social Services (the

Department). Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

---

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

"On appeal from the termination of parental rights, this Court is required to review the evidence in the light most favorable to the party prevailing in the circuit court." Yafi v. Stafford Dep't of Soc. Servs., 69 Va. App. 539, 550-51 (2018) (quoting Thach v. Arlington Cnty. Dep't of Hum. Servs., 63 Va. App. 157, 168 (2014)).

Mother is the biological mother to S.J.H., a three-year-old minor child.[2]  On February 23, 2018, the Carroll County Juvenile and Domestic Relations District Court (the JDR court) entered an emergency removal order removing one-month-old S.J.H. from mother's care.  Medical records showed that S.J.H. suffered "multiple fractures located on different horizontal and vertical planes of the body at different stages of healing suggesting repeated trauma both in time and type."  The medical records indicated that physicians believed the injuries and fractures indicated multiple counts of physical abuse within S.J.H.'s first month of life.  The circuit court subsequently convicted mother of felony child abuse and neglect and sentenced her to ten years' imprisonment with nine years and six months suspended.

On March 28, 2018, the JDR court found that S.J.H. was abused or neglected.  After a dispositional hearing, the JDR court approved a foster care plan with the concurrent goals of returning to home and relative placement.  Maternal grandparents filed petitions for custody and visitation in October 2018.

_____

[1] The record in this case was sealed.  Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellants have raised.  Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion.  Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case.  The remainder of the previously sealed record remains sealed."  Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] Clint Hull is the biological father of S.J.H.  The Carroll County Juvenile and Domestic Relations District Court terminated Hull's parental rights.  Hull appealed that decision to the Carroll County Circuit Court, but subsequently withdrew his appeal.

On February 4, 2019, the JDR court approved a foster care plan with the permanent goal of adoption; mother did not appeal this ruling. On April 25, 2019, the JDR court entered an order terminating mother's parental rights. The JDR court also dismissed maternal grandparents' custody and visitation petitions. Mother and maternal grandparents appealed the JDR court's April 25 rulings to the circuit court.

On January 23, 2020 the parties appeared before the circuit court on maternal grandparents' petitions for custody and visitation and the Department's petition to terminate mother's parental rights. Regarding the petition to terminate mother's parental rights, the circuit court found that even in a light most favorable to mother, she waited at least twelve hours before seeking any medical treatment for S.J.H. after witnessing S.J.H. suffer severe injuries, including multiple bone fractures to different parts of S.J.H.'s body. The circuit court found that mother previously failed to act and protect S.J.H. from previous severe injuries. In addition, the circuit court found that mother's conviction of felony child abuse or neglect was "a felony offense involving a serious bodily injury" to S.J.H. The circuit court terminated mother's parental rights to S.J.H. under Code § 16.1-283(B), (C)(1), (C)(2), (E)(iii), and (E)(iv).

That same day, the circuit court also considered maternal grandparents' custody and visitation petitions. The circuit court indicated that it considered each of the factors contained in Code § 20-124.3. The circuit court found that although the Department offered visitation to maternal grandparents, they had not exercised any visitation with S.J.H. until October 23, 2018. Since October 23, 2018, maternal grandparents had only visited with S.J.H. for a few hours. The circuit court found that during the time maternal grandparents could have visited, they ultimately chose not to. The circuit court found that maternal grandparents failed to present sufficient evidence for the circuit court to make the necessary findings to transfer custody under Code § 16.1-278.2(A1) and failed to prove that awarding them custody or visitation was in S.J.H.'s

best interests. The circuit court dismissed maternal grandparents' custody and visitation petitions with prejudice.

This appeal followed.[3]

ANALYSIS

"On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Castillo v. Loudoun Cnty. Dep't of Fam. Servs., 68 Va. App. 547, 558 (2018) (quoting Logan v. Fairfax Cnty. Dep't of Hum. Dev., 13 Va. App. 123, 128 (1991)). "Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Fauquier Cnty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 190 (2011) (quoting Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20 (1986)).

Appellants argue that the circuit court erred in terminating mother's rights without a finding as to the completion or adequacy of the Department's investigation into alternative placement options.

I. Motion to Dismiss

The Department filed a motion to dismiss the appeal. The Department alleges that appellants failed to properly preserve the issue asserted in their assignment of error because appellants failed to file a transcript or written statement in lieu of a transcript. See Rule 5A:8. The Department asserts that because the transcript or statement of facts is indispensable to the resolution

---

[3] Appellants' notice of appeal indicates that the parties appealed the final termination of mother's parental rights order as well as the final order dismissing maternal grandparents' petitions for custody and visitation. However, as noted above, appellants' sole assignment of error addresses only the termination of mother's parental rights. Accordingly, our review is limited to that one issue.

of the issue raised by appellants, the failure to timely file the transcript requires dismissal. We deny the motion to dismiss for the following reasons.

"Although we may dismiss an appeal for non-compliance with the Rules, Rule 5A:1A, deficiencies in notice of filing and filing of transcripts do not entitle appellees to dismissal of an appeal in every instance." Browning v. Browning, 68 Va. App. 19, 25 (2017). Our Supreme Court has held that the transcript filing requirement is a non-jurisdictional procedural rule. Smith v. Commonwealth, 281 Va. 464, 468 (2011). "Nevertheless, the failure to present a complete record upon which this Court can make an effective determination of the issues may bar our consideration of a party's assigned errors." Browning, 68 Va. App. at 25.

The Court has available the record on appeal and "may . . . consider other parts of the record" not contained in the appendix. Rule 5A:25(h). We have reviewed the record and find that the transcript is not indispensable. The record includes the circuit court's findings of fact in detail which, ultimately, stand as the basis for this appeal. Assuming without deciding that appellants' assignment of error was preserved in the circuit court, we conclude that the record on appeal provides a sufficient basis upon which this Court can fully and adequately consider the question raised by appellants.

The Department has also moved to dismiss the appeal because of appellants' inclusion of two additional documents in the appendix. Appellants designated a petition for injunction and the corresponding objection by the Department as part of the appendix; the Department argues that these documents should not be a part of the record or appendix in this case. The Department argues that the petition and corresponding objection were filed after the circuit court entered its final order at issue in this appeal and should thus not be considered. We agree. Accordingly, we have not considered these pleadings in resolving this appeal.

## II. Standing

Mother, maternal grandmother, and maternal grandfather collectively bring the instant appeal. However, "one cannot raise third party rights." Tackett v. Arlington Cnty. Dep't of Hum. Servs., 62 Va. App. 296, 325 (2013) (quoting DePriest v. Commonwealth, 33 Va. App. 754, 761 (2000)). "The general requirements of standing have often been stated: 'The purpose of requiring standing is to make certain that a party who asserts a particular position has the legal right to do so and that his rights will be affected by the disposition of the case.'" Id. (quoting Kelley v. Stamos, 285 Va. 68, 73 (2013)).

Appellants' sole assignment of error is whether the circuit court "erred in granting [the Department's] Petition for Termination of Parental Rights without a finding as to the completion or adequacy of [the Department's] investigation into alternative placement options." Appellants assigned no error to the circuit court's order denying maternal grandparents' petitions for custody and visitation. As in Tackett, maternal grandmother and grandfather "did not have any legal right to assert that mother's parental rights should not be terminated." Id. Parental rights to S.J.H. only belonged to mother and the biological father. Maternal grandparents only had standing to appeal the circuit court's denial of their petitions for custody and visitation. Id. at 326. Because the maternal grandparents lack standing to pursue the sole issue presented by the assignment of error, we consider the assignment of error only as it pertains to the claims of mother.

## III. Termination of Mother's Parental Rights

The circuit court terminated mother's parental rights under Code § 16.1-283(B), (C)(1), (C)(2), (E)(iii), and (E)(iv). Mother does not contest the factual grounds supporting the circuit court's termination decision. Mother argues that the circuit court erred in terminating her parental rights without a finding as to the completion or adequacy of the Department's investigation into alternative placement options.

Before ordering the termination of a parent's parental rights, a court "shall give a consideration to granting custody to a person with a legitimate interest." Code § 16.1-283(A). "This Court has interpreted this provision to require agency consideration of all 'reasonable options for placement with immediate relatives' as a prerequisite to a parental termination decision." Pilenza v. Nelson Cnty. Dep't of Soc. Servs., 71 Va. App. 650, 654 (2020) (quoting Bagley v. City of Richmond Dep't of Soc. Servs., 59 Va. App. 522, 524 (2012)).

An order transferring custody of the child to a person with a legitimate interest must include findings that the person:

> (i) is . . . willing and qualified to receive and care for the child; (ii) is willing to have a positive, continuous relationship with the child; (iii) is committed to providing a permanent, suitable home for the child; and (iv) is willing and has the ability to protect the child from abuse and neglect.

Code § 16.1-283(A1).

The evidence reflected in the record on appeal establishes that the Department did investigate the maternal grandparents as a potential placement. The Department determined that the maternal grandmother was not a possible placement because she had a history of Department involvement with her own child within the past three years. All possible placements suggested by S.J.H.'s parents were investigated and proved inappropriate because of the severity of S.J.H.'s injuries and her age, which necessitated extensive care and supervision. The Department also noted a physical altercation between S.J.H.'s maternal grandmother and biological father while maternal grandmother was holding S.J.H.; hospital staff had to separate them and remove S.J.H. to another room.

On April 4, 2018, the JDR court approved the initial foster care plan with a goal of relative placement. Despite this, maternal grandmother did not visit with S.J.H. for more than six months.

In its ruling on maternal grandparents' custody and visitation petitions, the circuit court found that maternal grandparents had not done what was required to meet S.J.H.'s needs. The circuit court found that visitation with S.J.H. did not begin until October 23, 2018, and maternal grandparents only visited with S.J.H. for a total of "a few hours." The circuit court also found that maternal grandparents had not demonstrated "a great ability to maintain a continuous and positive relationship with [S.J.H.]." The circuit court specifically found that maternal grandparents had not presented sufficient evidence in order to make the findings required by Code § 16.1-283(A1). In the termination order, the circuit court indicated that it had considered and dismissed maternal grandparents' custody and visitation petitions.

The circuit court is not required to make an express finding as to the completion or adequacy of the Department's investigation of maternal grandparents as mother contends. The circuit court is only required to consider granting custody to persons with a legitimate interest. Code § 16.1-283(A). The record demonstrates that the circuit court considered placement with the maternal grandparents and ultimately dismissed their petitions for custody and visitation. The record supports the Department's completion of an investigation for placement with maternal grandparents and the circuit court's consideration and denial of S.J.H.'s placement with maternal grandparents. "Because this Court defers to a lower court's judgment based on evidence heard *ore tenus* unless plainly wrong or without support, Logan, 13 Va. App. at 128, it does not disturb the circuit court's ruling that no relatives were suitable placements." Castillo, 68 Va. App. at 568.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.