UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Raphael

MATTHEW CONNOR

v.      Record No. 1177-21-3

KELLY LYONS, F/K/A
  KELLY CONNOR

MEMORANDUM OPINION*
PER CURIAM
APRIL 5, 2022

FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Christopher B. Russell, Judge

(Jared R. Jenkins; Mann Legal Group, PLLC, on brief), for appellant.

(Tiffany J. Fix; Simons & Thurman, P.C., on brief), for appellee.


Matthew Connor appeals the circuit court's order entering judgment against him for

$129,000 in spousal-support arrearages. Connor argues that the judgment is improper because

appellee Kelly Lyons, Connor's former wife, failed to follow the procedural requirements for a

show-cause motion under Code § 8.01-274.1. We cannot consider Connor's assignment of error,

however, because Connor filed neither a transcript of the hearing in question nor a written

statement in lieu of a transcript.

By a final decree of divorce, entered in February 2015, the circuit court ordered Connor

to pay $3,000 per month in spousal support to Lyons. In 2019, after the circuit court granted

Lyons's motion to reinstate the case, Lyons filed a "Motion for Show Cause." She asserted that

Connor had failed to make support payments since August 2017 and prayed that "Connor be

fined and/or imprisoned for his contempt" and "that he be affirmatively enjoined to pay spousal

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

support in full and on time." The motion did not cite the statute or statutes under which Lyons was proceeding.

Counsel for Lyons advised the clerk that the motion would be served on Connor by private-process server, but the record reflects no proof of service. Even so, counsel for Connor entered a general appearance, serving discovery on Lyons and subpoenaing a witness to attend the April 8, 2021 hearing. *See generally* Code § 8.01-277.1(A) ("[A] person waives any objection to personal jurisdiction or defective process if he engages in conduct related to adjudicating the merits of the case, including . . . [c]onducting discovery . . . or . . . [a]ctively participating in proceedings related to determining the merits of the case.").

Exactly what happened at the April 8 hearing cannot be determined from the record. The proceedings were not transcribed by a court reporter. And Connor did not file a written statement in lieu of a transcript under Rule 5A:8(c).

On August 5, 2021, the circuit court entered an order finding Connor "delinquent in paying spousal support" under the divorce decree. Connor's support obligations ended on March 31, 2021. But his total arrearages through April 1 totaled $129,000, and the court entered judgment against him in that amount.

Relying on Code § 8.01-274.1, Connor contends on appeal that the judgment was defective because the show-cause motion was not sworn to and he was not served with a rule to show cause. Section 8.01-274.1 provides that a motion or petition for a rule to show cause must "be sworn to or accompanied by an affidavit setting forth" the facts showing the violation of a court order. It also requires that a rule to show cause must "be served on the person alleged to have violated the court order, along with the accompanying motion or petition and any affidavit filed with such motion or petition." Connor claims that, because those requirements were not satisfied here, he was denied procedural due process.

- 2 -

Lyons responds that, although she called it a "show cause" motion, she did not request that the case be adjudicated under Code § 8.01-274.1. She left the statutory scheme "up to the [circuit court's] discretion," and the order—which did not hold Connor in contempt—shows that the court "was proceeding under a different statutory scheme." She offers, for instance, that Code § 20-112 permits a prior divorce proceeding to be "reopened . . . to effectuate previous orders." Similarly, Code § 20-107.1(A) permits a court, after entering a decree for divorce, to "make such further decree as it shall deem expedient concerning the maintenance and support of the spouses." And subsection (C) of that statute permits the court, in its discretion, to "decree that maintenance and support of a spouse be made . . . in a lump sum award."

Lyons is correct that the circuit court did not need to make a contempt finding to order a lump-sum judgment in a delinquent-spousal-support case. To be sure, "[s]pousal support obligations may be enforced through the court's contempt power." *Kahn v. McNicholas*, 67 Va. App. 215, 230 (2017). But they "also create judgments by operation of law as they become due and unpaid, and may be enforced by any proceeding generally available to enforce money judgments." *Id*. at 231.

Given the various avenues available to Lyons to remedy Connor's failure to pay spousal support, we cannot assume that the circuit court relied only on Code § 8.01-274.1, as Connor claims. Nor can we credit Connor's claim that he was denied "procedural due process" at the April 8 hearing without knowing what happened there. Connor says that he "prepared for and presented an argument" to successfully defend against a contempt finding. But he fails to show how he was denied notice or opportunity to defend against Lyons's claim that he was delinquent in his support obligations.

"The burden is upon the appellant to provide . . . a record [that] substantiates the claim of error." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (quoting *Robinson v. Robinson*, 50

- 3 -

Va. App. 189, 197 (2007)). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). In this situation, the proper disposition is to affirm the judgment of the circuit court, not to dismiss the appeal. *Browning v. Browning*, 68 Va. App. 19, 30 (2017) (following *Smith v. Commonwealth*, 281 Va. 464, 470 (2011)).

After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary. The dispositive issue in this appeal—our inability to consider the assignment of error in the absence of an indispensable transcript—has been "authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b). What happened at the April 8 hearing is "indispensable to our resolution" of appellant's arguments. *Browning*, 68 Va. App. at 32. Although Connor states that a court reporter was not present for the circuit-court hearing, he could have submitted a written statement of facts in lieu of a transcript. *See* Rule 5A:8(c). He simply failed to do so. As a result, we cannot consider his assignment of error.

*Affirmed.*