COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Friedman and Senior Judge Clements

DEREK TRINIDAD BLOCKHUS

MEMORANDUM OPINION[*]
v.      Record No. 1823-22-4                                          PER CURIAM
                                                                                JUNE 6, 2023
MARIA DEL MAR TORTAJADA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Alfred D. Swersky, Judge Designate

(Derek T. Blockhus, on brief), *pro se*.

No brief for appellee.


Derek Blockhus appeals a protective order the circuit court entered in favor of Maria Del

Mar Tortajada, in connection with pending divorce proceedings. On appeal, Blockhus alleges that

the circuit court erred in granting the protective order because the evidence was insufficient to prove

that he was abusive and, as such, the protective order was unnecessary to protect Tortajada's health

and safety.

After examining the brief and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). The record on appeal is insufficient for this Court to reach the issues that

Blockhus raises because he has failed to file a transcript, or a written statement of facts in lieu of

a transcript, for the August 15, 2022 hearing. A transcript, or a written statement of facts in lieu

of a transcript, for that hearing is indispensable for review of Blockhus' assignments of error.

_____

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

For the following reasons, the circuit court's judgment is affirmed, and we remand for correction of a clerical error in the protective order.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)). Here, Tortajada is the prevailing party.

Tortajada filed a petition for protective order based on family abuse. In the accompanying affidavit, Tortajada alleged that Blockhus had threatened to "destroy" her and had a history of "verbal abuse, mental and emotional abuse." Tortajada also contended that Blockhus had once pointed a gun at her "jokingly" and that she "suffered domestic violence" from Blockhus, in front of her children. Tortajada stated that Blockhus caused her "mental and emotional impairment with his verbal abuse/stalking to the point of having to seek medical care." Finally, Tortajada affirmed that she was "physically afraid" of Blockhus and feared that he would "get physical at any point as he is volatile."

On March 29, 2022, the Prince William County Juvenile and Domestic Relations District Court (JDR court) entered a protective order and ordered that it remain in effect until September 30, 2022, at 11:59 p.m. Blockhus appealed to the circuit court.

The circuit court held a hearing on August 15, 2022.[1] Following the hearing, the circuit court dissolved the JDR court's protective order and entered a new protective order that would remain in effect until August 15, 2024, at 11:59 p.m. Blockhus appeals.

---

[1] The record does not include a transcript, or a written statement of facts in lieu of a transcript, from this hearing.

ANALYSIS

On appeal, Blockhus argues that insufficient evidence supported the circuit court's entry of the protective order. Blockhus alleges Tortajada offered no evidence to prove that Blockhus was abusive. The record does not contain a transcript, or a written statement of facts in lieu of a transcript, of the August 15, 2022 hearing. *See* Rule 5A:8(a) and (c). If an appellant "fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii); *see Browning v. Browning*, 68 Va. App. 19, 30 (2017) (applying rule).

"On appeal, we presume the judgment of the trial court is correct . . . ." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). Even though Blockhus is proceeding *pro se*, he still "must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999); *see Townes v. Commonwealth*, 234 Va. 307, 319 (1987) (holding that "[a] defendant who represents himself is no less bound by the rules of procedure and substantive law than a defendant represented by counsel" (quoting *Church v. Commonwealth*, 230 Va. 208, 213 (1985))).

We have reviewed the record and Blockhus' brief. As noted above, Blockhus challenges the sufficiency of the evidence warranting a protective order. In the absence of a transcript, or a written statement of facts in lieu of a transcript, of the August 15, 2022 hearing, however, we are unable to consider what evidence and arguments the circuit court considered in entering the protective order. Moreover, without a complete record of the arguments Blockhus made or the positions he took at

the August 15, 2022 hearing, we cannot know that Blockhus presented the specific arguments he advances on appeal to the circuit court. *See* Rule 5A:18 (an appellate court will only consider arguments that timely were raised in the trial court). We conclude that a transcript, or a written statement of facts in lieu of a transcript, from the August 15, 2022 hearing is indispensable to a determination of Blockhus' assignments of error. *See Bay*, 60 Va. App. at 528-29. We note, however, that the protective order misspells Tortajada's name. Therefore, we affirm the circuit court's order and remand solely for correction of the clerical error. Code § 8.01-428(B); *see, e.g.*, *Bagley v. Commonwealth*, 73 Va. App. 1, 30 n.10 (2021).[2]

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.[3]

*Affirmed and remanded.*

---

[2] Both Blockhus and Tortajada moved for an award of appellate attorney fees. "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Friedman v. Smith*, 68 Va. App. 529, 545 (2018); *see also* Rule 5A:30(b). On consideration of the record before us, we deny Tortajada's requests for an award of attorney fees incurred on appeal.

[3] Considering our rulings herein, we deny Tortajada's motions to dismiss and Blockhus' "Motion to Dismiss [Tortajada]'s Second Attempt to Dismiss [Blockhus'] Right to Appeal."