COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, White and Retired Judge Frank*

STEVEN ROCKEY, ADMINISTRATOR OF THE
 ESTATE OF BENJAMIN STEVEN ROCKEY, DECEASED
                                                    MEMORANDUM OPINION**
v.       Record No. 1920-22-3                          PER CURIAM
                                                       JULY 18, 2023
BENNY CLARK MEDINA


                    FROM THE CIRCUIT COURT OF NELSON COUNTY
                              Michael R. Doucette, Judge

              (Joseph A. Sanzone; Sanzone & Baker, L.L.P., on brief), for
              appellant.

              (Marc A. Peritz; Flora Pettit PC, on brief), for appellee.


        Steven Rockey, Administrator of the Estate of Benjamin Steven Rockey (the Estate),

appeals the circuit court's order dismissing the Estate's complaint against Benny Clark Medina for

lack of personal jurisdiction. On appeal, the Estate argues that the circuit court erred by not

allowing the Estate to replead or amend the complaint. The Estate next contends that the circuit

court erred in dismissing the complaint for lack of personal jurisdiction, citing Medina's contacts

with the Commonwealth of Virginia. Finally, the Estate alleges that the circuit court erred by not

allowing the Estate's "[s]upplemental [m]emorandum in [o]pposition to [Medina]'s [m]otion to

[d]ismiss" to be treated as a motion to reconsider.

        After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

_____

        * Retired Judge Frank took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

        ** This opinion is not designated for publication. See Code § 17.1-413(A).

Rule 5A:27(a). The record on appeal is insufficient for this Court to reach the issues that the Estate raises because the Estate has failed to file a transcript or a written statement of facts in lieu of a transcript for the October 4, 2022 hearing. A transcript or a written statement of facts in lieu of a transcript for that hearing is indispensable for review of the Estate's assignments of error. For the following reasons, the circuit court's judgment is affirmed.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)). Here, Medina is the prevailing party.

On August 26, 2018, Benjamin Steven Rockey (Rockey) allegedly died by suicide in Virginia. On August 24, 2021, the Estate filed a complaint against Medina, a California resident, alleging wrongful death.[1] The Estate alleged that Rockey's death by suicide was "a proximate result of injuries that he suffered from an assault" by Medina years earlier.

In April 2022, Medina filed a special appearance and motion to dismiss for lack of personal jurisdiction. Medina claimed to have only visited Virginia twice and that the only interactions he had with Rockey were "many years ago" in California. Medina argued that there was no causal link between the Estate's claim and any of Medina's activities in Virginia.

The Estate opposed the motion to dismiss. The Estate claimed that Medina "creates, produces, and distributes motion pictures as well as conduct[s] business in other entertainment mediums including promotional modeling in its various forms." Rockey was a model and actor, and "became involved" with Medina as he tried to advance his career in the entertainment

---

[1] In August 2020, the Estate filed the same cause of action, but non-suited the action on August 23, 2021.

industry. The Estate alleged that during the course of their relationship, Medina committed "an assaultive homosexual encounter" that left Rockey with "recurring psychological injuries," which ultimately led to Rockey's suicide. In the motion, the Estate claimed personal jurisdiction over Medina, arguing that Medina's films "have been targeted to be shown in Virginia and generate revenue . . . to be returned to him" and that Rockey "was lured into [Medina]'s home upon the guise of becoming one of the actors or models who would become a part of" Medina's "far-reaching enterprise."

On October 4, 2022, the parties convened for hearing on Medina's motion to dismiss for lack of personal jurisdiction.[2] At the conclusion of the hearing, the circuit court took the matter under advisement for 21 days.

Following the hearing, the Estate filed a "Supplemental Memorandum of Law in Support of[]their Opposition to [Medina]'s Motion to Dismiss" (supplemental memorandum). In the filing, the Estate stated that at the October 4, 2022 hearing, the circuit court found that the Estate "only presented evidence that related to [Medina]'s corporate, and not individual, relationship with the [Commonwealth] of Virginia" and permitted the Estate 21 days to present additional evidence in support of its jurisdictional claims. The Estate argued that it had "established substantial evidence of [Medina's] entertainment activity" in Virginia. The Estate also alleged that Medina's business "solicited and employed entertainers who traveled from Virginia in pursuit of furthering their careers" and that Rockey's contact with Medina "arose f[ro]m Medina transacting business in Virginia, and his pursuit of an entertainment career."

The parties reconvened for a hearing on October 31, 2022. During the hearing, the circuit court denied the Estate's claim that the additional 21 days was for the Estate to offer more

---

[2] A transcript, or a written statement of facts in lieu of a transcript, of this hearing has not been made part of the record.

evidence of personal jurisdiction. Rather, the circuit court delayed its ruling for 21 days to give the Estate time "to decide whether or not [it] wanted to pursue a non-suit" in this matter. During the hearing, the Estate informed the circuit court that it would not pursue a non-suit.

At the close of the hearing, the circuit court stated it would "enter up judgment" as it had ruled on October 4, 2022. The Estate then orally moved the circuit court to reconsider its ruling based on the supplemental memorandum. The circuit court denied the Estate's motion because the information from the supplemental memorandum "could have been included in the initial memorandum."

The circuit court issued a written order granting Medina's motion to dismiss for lack of personal jurisdiction and denying the Estate's oral motion for reconsideration based upon its supplemental memorandum. The circuit court dismissed the Estate's complaint with prejudice. The Estate appeals.

ANALYSIS

The Estate alleges that the circuit court erred in failing to permit the Estate to amend its complaint. The Estate also challenges the circuit court's dismissal for lack of personal jurisdiction despite Medina's contacts in the Commonwealth of Virginia. Finally, in the third assignment of error, the Estate claims that the circuit court erred by failing to treat the Estate's supplemental memorandum as a motion to reconsider.

The record, however, does not contain a transcript or a written statement of facts in lieu of a transcript of the October 4, 2022 hearing. *See* Rule 5A:8(a) and (c). If an appellant "fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii); *see Browning v. Browning*, 68 Va. App. 19, 30 (2017) (applying rule).

- 4 -

"On appeal, we presume the judgment of the trial court is correct . . . ." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)).

We have reviewed the record and the parties' briefs. In the absence of a transcript or a written statement of facts in lieu of a transcript, the Court cannot determine what evidence the parties presented at the October 4, 2022 hearing. Under both the first and third assignments of error, the Estate alleges that during the October 4, 2022 hearing, the circuit court "adopted reasoning that was not argued by either party" and that, during the hearing, the Estate's counsel "stated that he thought that he could produce evidence of [Medina's] personal involvement" in Virginia. The Estate contends that the circuit court should have permitted it to present the additional arguments raised in the supplemental memorandum following the October 4, 2022 hearing. We are unable to consider these assignments of error, however, without a transcript, or a written statement of facts in lieu of a transcript, of the October 4, 2022 hearing, as the record does not contain what arguments the parties raised at the hearing and what reasoning the circuit court adopted.[3]

We are also unable to review the Estate's challenge to the circuit court's dismissal of the complaint. At the October 31, 2022 hearing, the circuit court stated that it would "enter up judgment as far as [the circuit court] ruled back" during the October 4, 2022 hearing. Without a transcript, however, this Court is unable to review the evidence and arguments that the circuit court

---

[3] We further note that the Estate limits the third assignment of error to arguing that the circuit court "erred by not allowing [the Estate]'s Supplemental Memorandum in Opposition to [Medina]'s Motion to Dismiss to be treated as a Motion to reconsider the Court's October 4, 2022, ruling in this case." The circuit court, however, considered the Estate's motion to reconsider and denied it. On appeal, the Estate makes no specific argument attempting to demonstrate how the circuit court may have abused its discretion by denying the motion for reconsideration.

considered during the October 4, 2022 hearing when dismissing the Estate's complaint for lack of personal jurisdiction.

Moreover, without a complete record of the arguments the Estate made or the positions it took at the October 4, 2022 hearing, we cannot know whether the Estate presented the specific arguments it advances on appeal to the circuit court. *See* Rule 5A:18 (an appellate court will only consider arguments that timely were raised in the trial court). We therefore conclude that a transcript, or a written statement of facts in lieu of a transcript, from the October 4, 2022 hearing is indispensable to a determination of the Estate's assignments of error. *See Bay*, 60 Va. App. at 528-29.

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

*Affirmed*.