COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Fulton, Friedman and Chaney

OKSANA MARINARO

v.       Record No. 1439-22-1

PARKS ZEIGLER, PLLC

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 26, 2023

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
David F. Pugh, Judge

(Oksana Marinaro, on briefs), *pro se*.

(Brandon H. Zeigler; LeeAnne C. Schocklin; Parks Zeigler, PLLC,
on brief), for appellee.


Oksana Marinaro appeals the trial court's orders denying her complaint against the law firm,

Parks Zeigler, PLLC, granting Parks Zeigler's counterclaim, and imposing sanctions against her.

Marinaro argues the trial court erred in failing to eliminate unnecessary hours and determining a

reasonable and appropriate hourly rate in the calculation of attorney fees.  Marinaro also alleges that

the trial court erred in finding Marinaro's later filings constituted claim splitting and by finding that

the Virginia Consumer Protection Act[1] (VCPA) did not apply to legal services.  Finally, Marinaro

challenges the imposition of sanctions.

After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a);

Rule 5A:27(a).  The record on appeal is insufficient for this Court to reach the issues that

Marinaro raises because she has failed to file a complete transcript or a written statement of facts

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Code § 59.1-196 *et seq.*

in lieu of a transcript for the August 23, 2022 hearing. A transcript or written statement of facts in lieu of a transcript for that hearing is indispensable for review of Marinaro's assignments of error. For the following reasons, the trial court's judgment is affirmed.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)). Here, Parks Zeigler is the prevailing party.

In December 2018, Marinaro retained Parks Zeigler to represent her in a divorce action. The parties entered into a written retainer agreement that governed the terms of Parks Zeigler's representation. The agreement set forth the hourly billing rates, terms, and condition of the representation, as well as cost reimbursement. The agreement also provided for a $10,000 retainer. Parks Zeigler's attorney-client relationship with Marinaro ended months later. Parks Zeigler sent Marinaro invoices for work performed, with an outstanding balance of $789.30.

Marinaro thereafter filed a complaint challenging Parks Zeigler's final invoice for services provided, based on 45.70 hours of work. Marinaro claimed that "45.70 hours [was] excessive and unreasonable and should be reduced to no more than 3.12 hours." Marinaro also challenged the attorneys' hourly rates.

Parks Zeigler filed a plea in bar, demurrer, answer, and affirmative defenses. Parks Zeigler claimed that it was unclear if Marinaro was pursuing a breach of contract cause of action or a tort cause of action, but regardless, it argued that she had failed to allege sufficient facts to support either claim. Parks Zeigler also filed a motion for sanctions, arguing that Marinaro's claims were "frivolous assertions of unfounded factual and legal claims" under Code § 8.01-271.1. Parks Zeigler filed an additional motion to have Marinaro deemed a "vexatious litigant," arguing that she

- 2 -

had "a history of filing vexatious, harassing, and duplicative lawsuits against attorneys who have opposed [her] in litigation and judges who ruled against her."

The parties appeared before the trial court on June 27, 2022, for a hearing on Parks Zeigler's motions.[2] The trial court denied Parks Zeigler's plea in bar and sustained Parks Zeigler's demurrer as to Marinaro's claim for attorney fees. The trial court overruled Parks Zeigler's demurrer to the remaining allegations and construed Marinaro's complaint as a breach of contract action. The trial court also denied Parks Zeigler's motion to have Marinaro deemed a vexatious litigant.

Before the entry of the final order regarding Marinaro's complaint, Parks Zeigler filed a counterclaim seeking judgment against Marinaro for outstanding fees owed. Parks Ziegler acknowledged Marinaro paid an initial retainer in the sum of $10,000, but alleged she owed an additional $789.30 for services rendered, plus interest and costs of collection, including attorney fees.

In response, Marinaro filed a counterclaim, arguing that "Parks Zeigler failed to fulfill its obligation in breach of the agreement" and that Parks Zeigler's "invoices reflected unreasonable, excessive fees." Marinaro also claimed that Parks Zeigler violated the VCPA because the invoices included "charges for clerical/secretary work, work that does not require legal judgement [sic], excessive time spent on some tasks."

Parks Zeigler filed a plea in bar and demurrer to Marinaro's counterclaim and a motion for sanctions. Parks Zeigler alleged that Marinaro's counterclaim was procedurally improper because she raised new claims and that by filing a counterclaim to its counterclaim, Marinaro had "improperly split her claims." Parks Zeigler also argued that the VCPA does not apply to legal services. Finally, Parks Zeigler requested sanctions against Marinaro because her pleading was "procedurally improper" and contained "frivolous assertions of unfounded factual and legal claims."

---

[2] A transcript of this hearing has not been made a part of the record.

The parties convened for a hearing on August 23, 2022.[3] After considering the expert evidence, the trial court held that Parks Zeigler's hourly rate was reasonable. The trial court found that Parks Ziegler's invoices contained "the dates that work was done, the hours, the rate, and . . . the total cost money-wise, and [it was] itemized." The trial court granted Parks Zeigler's counterclaim because Marinaro failed to pay Parks Zeigler contracted fees for the services rendered, and granted judgment against Marinaro in the amount of $789.30. The trial court also granted Parks Zeigler's motion for sanctions and ordered Marinaro to pay Parks Zeigler sanctions in the amount of $25,000. The trial court granted Parks Zeigler's plea in bar, finding that Marinaro's counterclaim constituted claim-splitting and was procedurally improper. The trial court also held that the VCPA did not apply to legal services. The trial court denied Marinaro's counterclaim, which rendered moot Parks Zeigler's demurrer.

On August 30, 2022, the trial court entered an order memorializing its rulings.[4] Marinaro timely filed a motion to reconsider, which the trial court denied. Marinaro appeals.

ANALYSIS

Marinaro filed transcripts of a portion of her July 19, 2022 deposition and the trial court's ruling from the August 23, 2022 hearing. The record, however, does not contain a full transcript or a written statement of facts in lieu of a transcript of the entire August 23, 2022, hearing. *See* Rule 5A:8(a) and (c). If an appellant "fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii); *see Browning v. Browning*, 68 Va. App. 19, 30 (2017) (applying rule).

---

[3] The record includes a transcript of only the trial court's ruling from the hearing.

[4] The trial court entered an identical order on September 13, 2022.

"On appeal, we presume the judgment of the trial court is correct." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). Even though Marinaro is proceeding *pro se*, she still "must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999); *see Townes v. Commonwealth*, 234 Va. 307, 319 (1987) (holding that "[a] pro se litigant is no less bound by the rules of procedure and substantive law than a defendant represented by counsel").

We have reviewed the record and the parties' briefs. In the absence of a complete transcript or written statement of facts in lieu of a transcript, the Court cannot determine what evidence the parties presented at the August 23, 2022 hearing. In reciting its holding, the trial court stated that it considered testimony from an expert in determining that Parks Zeigler's fees were reasonable. Moreover, in imposing sanctions, the trial court based its order on Marinaro's "conduct in court, the arguments she advanced, and her pleadings." Without a complete transcript, this Court is unable to review the expert evidence upon which the trial court considered in finding that Parks Zeigler's fees were reasonable, or Marinaro's conduct that led to the imposition of sanctions. Further, the record does not contain any arguments the parties made regarding claim splitting or the VCPA. Marinaro failed to provide a record that includes the evidence heard by the trial court and the objections and arguments made throughout the trial.

Without a complete record of the arguments Marinaro made or the positions she took at the August 23, 2022 hearing, we cannot know that Marinaro presented the specific arguments she advances on appeal to the trial court. *See* Rule 5A:18 (an appellate court will only consider arguments that timely were raised in the trial court). We conclude that a transcript, or written

- 5 -

statement of facts in lieu of a transcript, from the August 23, 2022 hearing is indispensable to a determination of Marinaro's assignments of error. *See Bay*, 60 Va. App. at 528-29.

Finally, Parks Zeigler requests attorney fees and costs incurred in this appeal. "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman v. Smith*, 68 Va. App. 529, 545 (2018)). In making such a determination, the Court considers all the equities of the case. Rule 5A:30(b)(3). After considering the record before us and all the equities of the case, we deny Parks Zeigler's request for appellate attorney fees and costs.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

*Affirmed*.