COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Friedman and Senior Judge Clements

SUJATA DAS

v.      Record No. 1704-22-4

YANZHE WANG AND
  METROPOLITAN PROPERTY AND
  CASUALTY INSURANCE COMPANY

MEMORANDUM OPINION*
PER CURIAM
MAY 23, 2023

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

(Sujata Das, on brief), *pro se*.

(John D. McGavin; William W. Miller; McGavin, Boyce, Bardot,
Thorsen & Katz, PC, on brief), for appellee Yanzhe Wang.

(Bruce A. Levine; Holley & Levine, P.C., on brief), for appellee
Metropolitan Property and Casualty Insurance Company.


Sujata Das, *pro se*, appeals the circuit court's order granting Yanzhe Wang's motion to

strike and dismissing with prejudice Das' complaint alleging personal injuries from an automobile

accident. On appeal, Das argues the circuit court erred in granting Wang's motion to strike Das'

expert evidence and denying Das' motion for a continuance. Das also challenges Wang's actions

during discovery. Das contends the circuit court erred in not providing disability accommodation

and challenges the circuit court's jury instructions. Das further alleges that the circuit court erred by

failing to admit deposition testimony into evidence. Finally, Das argues the circuit court erred in

dismissing her complaint with prejudice.

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

UNPUBLISHED

After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). The record on appeal is insufficient for this Court to reach the issues that Das raises because she has failed to file a transcript or a written statement of facts in lieu of a transcript for the September 2, 2022 hearing and has failed to timely file a transcript or a written statement of facts in lieu of a transcript for the October 11-12, 2022 trial. Transcripts or written statements of facts in lieu of a transcript for those hearings are indispensable for review of Das' assignments of error. For the following reasons, the circuit court's judgment is affirmed.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)). Here, Wang is the prevailing party.

On July 31, 2020, Das filed suit against Wang for personal injuries as a result of an automobile accident. Das alleged that Wang's negligence was a direct and proximate cause of the accident, and caused Das "permanent injury to her eye, concussion, continuous and permanent cognitive difficulties, migraine headaches, neck and back pain, mental anguish, loss of earnings and of earning capacity and she suffered medical expenses and other expenses related to her injuries." Das sought $2,000,000 in damages.

Das' counsel filed a motion to withdraw, which the circuit court granted and paused pretrial activity for four weeks to give Das time to secure a new attorney. Das did not retain new counsel, and the circuit court lifted the pause on discovery on July 1, 2022.

Das, acting *pro se*, filed a designation of expert witnesses and a motion to continue. Das never scheduled a hearing for the motion to continue. Wang filed a motion to strike Das'

designation of expert witnesses and an opposition to Das' motion to continue, and scheduled both motions for a hearing. The circuit court heard argument on Wang's motion on September 2, 2022, and entered an order granting Wang's motion to strike Das' designation of expert witnesses, and ordered testimony of Das' expert witnesses excluded from trial.[1] The circuit court also denied Das' motion to continue the trial date, ordering it to proceed on October 11, 2022.

The parties convened for a jury trial on October 11 and 12, 2022.[2] After Das rested her case, Wang moved to strike. On October 12, 2022, the circuit court entered a written order granting Wang's motion to strike and dismissed Das' complaint with prejudice. Das appeals.

ANALYSIS

On appeal, Das challenges the circuit court's order dismissing her case. Das also contests the circuit court's denial of her motion for a continuance and argues that Wang "ignore[d] the 'pause'" in discovery by subpoenaing medical providers. Das argues the circuit court erred in not accommodating her disability and challenges the circuit court's jury instructions. Das also contends that the circuit court erred in failing to admit into evidence Das' and Wang's deposition testimony. Finally, Das argues the circuit court erred in dismissing her complaint with prejudice.

The record does not contain a transcript or a written statement of facts in lieu of a transcript of the motions hearing and the jury trial. *See* Rule 5A:8(a) and (c). If an appellant "fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii); *see Browning v. Browning*, 68 Va. App. 19, 30 (2017) (applying rule). "This Court has no authority to make exceptions to the filing requirements set out

---

[1] The record does not include a transcript, or a written statement of facts in lieu of a transcript, of this hearing.

[2] The record does not include a timely filed transcript, or a written statement of facts in lieu of a transcript, from this hearing.

in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).

The circuit court entered its final order on October 12, 2022, giving Das until December 11, 2022, to file the transcripts. Because December 11, 2022, was a Sunday, however, the filing deadline was not until Monday, December 12, 2022. Code § 1-210. Das did not file the September 2, 2022 hearing transcript. The record reflects that the transcript for the jury trial was filed on December 13, 2022. Das did not file a motion to extend the deadline, and the transcript is therefore one day late, and is not a part of the record.

"On appeal, we presume the judgment of the trial court is correct . . . ." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). Even though Das is proceeding *pro se*, she still "must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999); *see Townes v. Commonwealth*, 234 Va. 307, 319 (1987) (holding that "[a pro se litigant] is no less bound by the rules of procedure and substantive law than a defendant represented by counsel").

We have reviewed the record and Das' brief. Das' assignments of error challenge the circuit court's rulings and actions during the motions hearing and the jury trial. In the absence of a transcript or written statement of facts in lieu of a transcript of the October 11-12, 2022 trial, however, we are unable to consider what evidence and arguments the circuit court considered. Moreover, without a complete record of the arguments Das made or the positions she took at the September 2, 2022 hearing and the October 11-12, 2022 trial, we cannot know that Das presented the specific arguments to the circuit court that she now advances on appeal. *See* Rule 5A:18 (an

appellate court will only consider arguments that timely were raised in the trial court).  We conclude that a transcript, or written statement of facts in lieu of a transcript, from the September 2, 2022 hearing and the October 11-12, 2022 trial are indispensable to a determination of Das' assignments of error.  *See Bay*, 60 Va. App. at 528-29.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

*Affirmed*.