COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Fulton and Causey

JAMES MEDEIROS, MAURICIO TOVAR,
 BLUE WING LLC AND ROBERT PIERCE

v.      Record No. 1463-22-2

VIRGINIA DEPARTMENT OF
 WILDLIFE RESOURCES

MEMORANDUM OPINION[*]
PER CURIAM
JULY 11, 2023

FROM THE CIRCUIT COURT OF HENRICO COUNTY
John Marshall, Judge

(Daniel Woislaw; Damien M. Schiff; Pacific Legal Foundation, on
briefs), for appellants.

(Jason S. Miyares, Attorney General; Charles H. Slemp, III, Chief
Deputy Attorney General; Steven G. Popps, Deputy Attorney
General; Andrew N. Ferguson, Solicitor General; Erika L. Maley,
Principal Deputy Solicitor General; Graham K. Bryant, Deputy
Solicitor General; M. Jordan Minot, Assistant Solicitor General;
Kelci A. M. Block, Assistant Attorney General, on brief), for
appellee.

*Amicus Curiae*: Virginia Property Rights Alliance (Stephen C.
Piepgrass; Ryan J. Strasser; James K. Trefil; Timothy L. McHugh;
William H. Smith, III; Troutman Pepper Hamilton Sanders LLP,
on brief), for appellants.

James Medeiros, Mauricio Tovar, Blue Wing LLC, and Robert Pierce ("landowners")

appeal the trial court's dismissal of their declaratory judgment action and their associated inverse

condemnation claim for compensation against the Virginia Department of Wildlife Resources

("VDWR"). The trial court sustained the demurrer after considering arguments raised in the

briefs and at the hearing on the demurrer. The record does not include a transcript or a written

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

statement of facts of the demurrer hearing. Without a record of the arguments on which the trial court relied in reaching its decision, we cannot engage in a meaningful review of its ruling. Accordingly, the landowners' arguments are waived and the trial court's judgment is affirmed. After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

## BACKGROUND

The landowners brought a declaratory judgment action against the VDWR asserting that Code § 18.2-136, "the Right to Retrieve Law," constituted a taking of their "private property without just compensation within the meaning of Article I, § 11 of the Virginia Constitution and the Fifth Amendment to the United States Constitution." They argued further that the taking constituted inverse condemnation for which they were entitled to receive compensation; therefore, they asked the trial court to impanel a jury under Code § 8.01-187 to determine "just compensation."

VDWR demurred. In its pleading, VDWR asserted that the landowners had "failed to state a claim upon which relief c[ould] be granted because they ha[d] pled no facts that show[ed] . . . [VDWR] made an affirmative action to take their property nor that any legitimate property right ha[d] actually been disturbed." It argued that the law did not support the landowners' claim that "Code § 18.2-136 acts in any way other than as an exception to criminal prosecution." Further, VDWR maintained that the landowners had failed to plead sufficient facts to establish that VDWR "took any action to take their property for the public benefit and . . . ha[d] not stated an actual property right that [w]as . . . violated by [VDWR]'s actions."

Following a hearing on August 19, 2022, the trial court sustained the demurrer. In its final order, the trial court stated that it had reached its decision after "consider[ing] the arguments made at the hearing and in the briefs submitted." First, the trial court ruled that "Code

§ 18.2-136 only creates an exception to criminal trespass and does not modify common law trespass." Second, without elaboration, it ruled that "plaintiffs have failed to state a claim upon which relief can be granted."

The landowners appeal, arguing that Code § 18.2-136 unambiguously grants hunters an "easement-like right" to "go upon prohibited lands to retrieve their dogs." They contend that the statute's inclusion in Title 18.2 does not mean the statute merely exempts trespassing hunters from criminal prosecution. Rather, it effects a per se physical taking of property and therefore entitles the landowners to "just compensation" under the Virginia and United States Constitutions.

ANALYSIS

"On appeal, we presume the judgment of the trial court is correct." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). A transcript of any proceeding or a written statement of facts becomes part of the record if filed in the trial court clerk's office within 60 days after entry of final judgment. Rule 5A:8(a) and (c). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii); *see also Smith v. Commonwealth*, 32 Va. App. 766, 771 (2000) (holding that "[t]his Court has no authority to make exceptions to the filing requirements" for transcripts "set out in the Rules" (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986))).

The record on appeal does not include a transcript or a written statement of facts from the August 19, 2022 hearing on VDWR's demurrer. The final order sustaining the demurrer expressly states that the trial court made its decision on two grounds after it "*considered the arguments made*

*at the hearing* and in the briefs submitted." (Emphasis added). We conclude that a transcript or a written statement of facts from that hearing is indispensable to a determination of the landowners' assignment of error. *See Anderson v. Commonwealth*, 13 Va. App. 506, 509 (1992) ("In the absence of a statement of facts, we have no basis upon which to determine whether [appellant] was lawfully arrested.").

Without a record of the hearing, we cannot ascertain whether the assignment of error encompasses both grounds for the trial court's decision. The assignment of error asserts that the trial court "erred in sustaining [the] demurrer . . . on the ground that the Right to Retrieve Law merely exempts trespassing hunters from criminal prosecution." But the trial court's order suggests that its decision did not rest solely on this ruling. In addition to ruling that "Code § 18.2-136 only creates an exception to criminal trespass," the trial court's order further reflects that it also ruled that the landowners "failed to state a claim upon which relief can be granted." Without a transcript or a written statement of facts of the hearing, we cannot discern whether the second ruling flows from the first, or whether the two rulings constitute independent bases for the trial court's decision.

"It is well-settled that a party who challenges the ruling of a lower court must on appeal assign error to each articulated basis for that ruling." *Manchester Oaks Homeowners Ass'n, Inc. v. Batt*, 284 Va. 409, 421 (2012). "Just as '[w]e cannot review the ruling of a lower court for error when the appellant does not bring within the record on appeal the [evidentiary] basis for that ruling,' we cannot review it when the appellant does not assign error to every *legal* basis given for it." *Id.* at 422 (alterations in original) (quoting *Prince Seating Corp. v. Rabideau*, 275 Va. 468, 470 (2008)). "[O]therwise, 'an appellant could avoid the adverse effect of a separate and independent basis for the judgment by ignoring it and leaving it unchallenged.'" *Id.* (alteration in original) (quoting *Johnson v. Commonwealth*, 45 Va. App. 113, 116-17 (2005)). Nothing in the record demonstrates the arguments made during the hearing on VDWR's demurrer, nor the trial court's rationale

underlying the two, freestanding bases upon which it granted the demurrer. Accordingly, without such a transcript or a written statement of facts, we cannot determine whether the landowners' single assignment of error properly challenges every legal basis for the underlying judgment.

In addition, with no record of the arguments the landowners made or the positions they took (or possibly abandoned) at the demurrer hearing, we cannot know if their appellate argument repudiates a position that they may have taken in the trial court, let alone whether the trial court ruled, and erred, as they claim. *See* Rule 5A:18 (providing that an appellate court will only consider arguments that were timely raised in the trial court); *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent or contradictory positions during the course of litigation). Thus, the transcript, or a written statement of facts in lieu of a transcript, from the demurrer hearing is indispensable to a determination of the landowners' argument on appeal. Rule 5A:8(b)(4)(ii). Therefore, we cannot consider their argument and affirm the trial court's judgment. *See Browning v. Browning*, 68 Va. App. 19, 30 (2017) (holding that a Rule 5A:8 error requires affirmance rather than dismissal because it is non-jurisdictional).

## CONCLUSION

The landowners' failure to file a transcript or a written statement of facts reflecting the arguments raised at the demurrer hearing and the trial court's rationale for its rulings prevents us from reviewing the trial court's decision and the assignment of error. Accordingly, we affirm the trial court's judgment.

*Affirmed*.