COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Fulton and Causey

EDLYN ELDRIDGE SMITH, ET AL.

v.      Record No. 1025-22-4

PEGGY RIDLEY

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 12, 2023

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
James E. Plowman, Jr., Judge

(Edlyn Eldridge Smith, on brief), *pro se*.

No brief for appellee.

Edlyn Eldridge Smith ("Smith"), *pro se*, appeals the order of the Fauquier County Circuit

Court ("circuit court") dismissing his complaint with prejudice. Smith, both personally and as

executor of the estate of his father, Emerson E. Smith, Jr. ("Dr. Smith"), alleged unjust

enrichment and breach of contract claims against his mother, Peggy Ridley ("Ridley"). Smith

contends, on appeal, that the circuit court erred in dismissing his complaint without a jury trial based

upon his failure to receive notice of the hearing on the motion for dismissal. After examining the

brief and record in this case, the panel unanimously holds that oral argument is unnecessary because

"the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following

reasons, we affirm the circuit court's judgment.

I. BACKGROUND

In 1999, Dr. Smith and Ridley entered into a property settlement agreement ("PSA"),

which was incorporated into their final decree of divorce. The PSA contained a provision

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

wherein Ridley "waive[d], relinquishe[d], and release[d] any interest she may have in receiving the survivor annuity benefit from" Dr. Smith's retirement account with the State of New Jersey. The PSA further provided that upon Dr. Smith's death, Ridley would "permanently and irrevocably assign and direct the benefit and payment of this survivor annuity directly to" their son, Smith. Ridley agreed to sign "any and all documents necessary" to ensure that Smith received Dr. Smith's survivor annuity during Ridley's lifetime.

Dr. Smith died testate in April 2019 and named Smith the estate's executor. The State of New Jersey Division of Pensions and Benefits notified Ridley in June 2019 that she was still the designated beneficiary of Dr. Smith's retirement allowance, prompting Smith to file his complaint alleging unjust enrichment and breach of contract. Smith also filed a motion to enforce the court's order. Ridley filed a demurrer to Smith's complaint.

On February 21, 2022, the circuit court entered an order denying Smith's motion to enforce the court's order. The circuit court concluded that Dr. Smith's retirement plan was governed by the laws of the State of New Jersey that "provide[d] for an exclusive means of designating the recipient of the survivor benefit." The circuit court held that Smith may not intervene in the divorce proceeding between Dr. Smith and Ridley upon Dr. Smith's death in order to change the designation of beneficiary to the retirement plan. In this same order, the circuit court overruled Ridley's demurrer to both counts in the complaint. The circuit court continued the matter.[1]

Ridley issued discovery requests to Smith in April 2022, and after Smith failed to respond, Ridley filed a motion to compel discovery. Following a hearing on Ridley's motion to compel discovery, the circuit court ordered Smith to answer Ridley's discovery requests. The circuit court

---

[1] This Court dismissed Smith's appeal from that order because it was a non-appealable, interlocutory order. *See Smith v. Ridley*, No. 0426-22-4 (Va. Ct. App. Oct. 18, 2022) (order).

- 2 -

instructed that it would impose an "appropriate sanction" if Smith failed to respond to the discovery requests, including "the exclusion of any evidence or testimony that would have been responsive to an April 25, 2022 discovery request not responded to by the applicable deadline." The circuit court also ordered Smith to pay Ridley $2,537 in expenses.[2]

Upon Smith's failure to respond to the discovery requests, Ridley filed a motion for discovery sanctions and a motion for summary judgment. Ridley argued that pursuant to the circuit court order, Smith was not permitted to offer evidence based on his failure to respond to her discovery requests. Ridley argued that the precluded evidence made up "the essential elements of fact and law [Smith] would need to enter into evidence at trial in order to sustain, or even potentially prevail, this case through a jury trial."

The parties convened for a hearing on Ridley's motions.[3] The circuit court subsequently granted Ridley's motion for discovery sanctions and prohibited Smith from entering any evidence at trial that would have been responsive to Ridley's discovery requests.[4] The circuit court also ordered Smith to pay Ridley $2,940.34 in attorney fees and costs. By separate order, the circuit court also granted Ridley's motion for summary judgment thereby dismissing Smith's complaint with prejudice. Smith appealed.

---

[2] This Court dismissed Smith's appeal from that order because it was a non-appealable, interlocutory order. *See Smith v. Ridley*, No. 0934-22-4 (Va. Ct. App. June 26, 2023) (order).

[3] Smith has not made a transcript, or a written statement of facts in lieu of a transcript, of this hearing a part of the record.

[4] Smith's appeal of this order granting discovery sanctions is pending before this Court. *See Smith v. Ridley*, No. 1026-22-4.

- 3 -

## II. ANALYSIS

### A. *Standard of Review*

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)). Here, Ridley is the prevailing party.

"On appeal, we presume the judgment of the trial court is correct . . . ." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in originals) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). Even though Smith is proceeding *pro se*, he still "must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999); *see Townes v. Commonwealth*, 234 Va. 307, 319 (1987) (holding that "[a] defendant who represents himself is no less bound by the rules of procedure and substantive law than a defendant represented by counsel" (alteration in original)).

### B. *Smith's arguments are waived under Rule 5A:18.*

Smith challenges the circuit court's order dismissing his complaint with prejudice. Smith argues that he requested a jury trial, so the matter "cannot be dismissed or be replaced with a hearing" without his consent. Smith further alleges that the circuit court erred in placing Ridley's motions on the docket without providing him with timely and proper notice. The record on appeal is insufficient for this Court to reach the issues that Smith raises on appeal because he has failed to file a transcript or a written statement of facts in lieu of a transcript for the final hearing. A transcript or a written statement of facts in lieu of a transcript for that hearing is indispensable for

- 4 -

review of Smith's assignments of error.  For these reasons we are unable to assess the merits of Smith's assignments of error.

The circuit court conducted a hearing on Ridley's motions for discovery sanctions and for summary judgment on June 23, 2022.  The record, however, does not contain a transcript or a written statement of facts in lieu of a transcript of any of the circuit court's hearings.  *See* Rule 5A:8(a) and (c).  If an appellant "fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered."  Rule 5A:8(b)(4)(ii); *see Browning v. Browning*, 68 Va. App. 19, 30 (2017) (applying rule).  "This Court has no authority to make exceptions to the filing requirements set out in the Rules."  *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).

The circuit court entered its final order on June 23, 2022, giving Smith until August 22, 2022, to file the transcripts.  *See* Rule 5A:8(a) ("The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the [circuit] court no later than 60 days after entry of the final judgment.").  Smith filed a motion for an extension of time to file a transcript, and this Court granted Smith the requested extension to file a transcript until September 21, 2022.  However, Smith never filed a transcript in the circuit court but instead filed a copy of the transcript of the circuit court's June 10, 2022 hearing in this Court on December 1, 2022.[5]  Thus Smith failed to timely file a transcript of the June 23, 2022 hearing, or a written statement of facts in lieu of a transcript.

We have reviewed the record and Smith's amended opening brief.  Smith's assignments of error challenge the circuit court's rulings during the motions hearing.  In its written order granting

---

[5] The transcript Smith filed was beyond the extension of time granted by this Court. Moreover, Smith filed the transcript in this Court rather than the circuit court.  This filing, therefore, does not comply with Rule 5A:8.

Ridley's motion for summary judgment, the circuit court stated that it "heard [argument] on behalf of the parties." In the absence of a transcript or a written statement of facts in lieu of a transcript of the hearing, however, we are unable to consider what evidence and arguments the circuit court considered.

Moreover, without a complete record of the arguments Smith made or the positions he took at the final hearing, we cannot know whether Smith presented the specific arguments to the circuit court that he now advances on appeal. *See* Rule 5A:18 (an appellate court will only consider arguments that were timely raised in the trial court). Since we also conclude that the transcript, or a written statement of facts in lieu of the transcript, from the final hearing is indispensable to a determination of Smith's assignments of error, we are unable to consider the merits of Smith's assignments of error, and therefore decline to do so. *See Bay*, 60 Va. App. at 528-29.

### III. CONCLUSION

For the foregoing reasons, we affirm the circuit court's ruling.

*Affirmed*.